71 283
28a 540

## George Thomas

### v.

## Board of Education of Urbana School District.

1. Mechanic's Lien Law—*does not apply to public school property.** A mechanic, having a claim against a board of education or school directors, has no right to file a petition and enforce a specific lien upon school property, under the Mechanic's Lien Law of the State.

---

*See, also, *Board of Education* v. *Neidenberger et al.* 78 Ill. 58.

2. SCHOOL DIRECTORS AND TRUSTEES—*claims against, how enforced.* A party, having a claim against school directors, trustees or boards of education, must proceed in the manner pointed out by section 49 of the School Law of 1872, to enforce its collection.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. S. L. RICHMOND, Judge, presiding.

Mr. JAMES A. KENNEDY, for the plaintiff in error.

Mr. J. W. LANGLEY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition to enforce a mechanic's lien, filed in the circuit court of Champaign county, by George Thomas, against the Board of Education of Urbana School District and Ernest F. Gehlman.

The board of education filed a demurrer to the petition, which was sustained, and the petition dismissed.

It is alleged in the petition, that the board was authorized by the charter of the city of Urbana to locate and build school houses; that, under this authority, the board made a written contract, on July 1. 1872, with E. F. Gehlman, for the erection of two school houses on certain premises in the city; that, on the 2d of July, 1872, Gehlman made a verbal agreement with petitioner for furnishing material and performing a portion of the work embraced in the original contract, to-wit: the glass, glazing and painting, which was to be completed on December 7, 1872, for which petitioner was to receive $464; that the material had been furnished and the work done, and the money was due; that, on November 22, 1872, petitioner gave to the board a written notice, setting forth the terms of his agreement, and that he would hold it responsible for the amount due him; that, at the time of the service of the notice, there was due the contractor, Gehlman, from the board, a large sum of money.

The petition prays for a mechanic's lien upon the school houses and lands upon which they were erected.

The only question that arises upon this record is, whether a mechanic can enforce a lien against school property, by virtue of the statute, for labor and materials furnished a school district in the erection of a school house.

The board of education in the city of Urbana, under the charter of the city, sustain the same relation, substantially, to the public schools in the corporation that a board of directors sustain to the public schools in an ordinary school district. The powers and duties are substantially alike, except that the board of education possess more powers.

There is, however, no provision in the charter of the city of Urbana creating this board which can be construed as giving the plaintiff any right or authority to maintain his suit.

If the plaintiff has any standing in court, it arises under and by virtue of the general law of the State, which authorizes a mechanic to enforce a lien against the property upon which he expends labor and materials in erecting a building.

Upon a careful examination of that statute, it is very apparent that this case does not fall within its provisions. The first section declares, "any person who shall, by contract with the owner of any piece of land or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances of any building on any such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due him for such labor or materials."

The board of education were not the owners of the property upon which the school houses were erected, in any sense of that term. They had no title or estate in the property whatever. They were merely public officers in the discharge of a public trust.

Under the act, as appears by section 17, Gross' Stat., page 424, the lien of the mechanic exists only to the extent of the title of the party who procures the work to be done. From this, it is evident the plaintiff acquired no lien, for the rea-

son that the board had no title of any character in and to the premises.

It is insisted by the plaintiff, the board was acting as agent, and that the act is binding upon the principal. The board did not claim or pretend to act as agent of any person or corporation. They were acting in the capacity of public officers, an office to which they had been elected by the people of the town of Urbana. They can not be said to be agents, in the sense in which that term is ordinarily used.

Aside from the fact that the act does not authorize the proceeding, the position assumed by the plaintiff, if carried into effect, would, in many cases, be disastrous in its consequences to the school interests of the country.

A school district has to rely mainly upon taxation to raise money to pay its indebtedness. This is its only resource to obtain revenue with which to discharge the claims against it. If, however, a judgment could be rendered against the directors, an execution issued and the property of the district sold, as against an individual, in many cases it would be gone beyond the reach of the district before the necessary money could be raised by taxation and a redemption effected.

To guard against evils of this character, the legislature, by section 49 of the School Law of 1872, page 721, declared: " If judgment shall be declared against any township board of trustees or school directors, the party entitled to the benefit of such judgment may have execution therefor as follows, to-wit: it shall be lawful for the court in which such judgment shall be obtained, or to which such judgment shall be removed by transcript or appeal from a justice of the peace, or other court, to issue thence a writ commanding the directors, trustees and treasurer of such township to cause the amount thereof, with interest and costs, to be paid to the party entitled to the benefit of said judgment, out of any moneys unappropriated of said township or district, or if there be no such moneys, out of the first moneys applicable to the payment of the kind of service or indebtedness for

which such judgment shall be obtained, and to enforce obedience to such writ by attachment, or by *mandamus* requiring such board to levy a tax for the payment of said judgment."

By the enactment of this section, the legislature provided the mode by which a party having a claim against a board of directors could enforce its collection. If the plaintiff has a claim against the board of education, he must proceed according to this statute. He has no right to file a petition and enforce a specific lien, as he undertook to do in this case, by obtaining a decree of sale under the Mechanic's Lien Law of the State.

We are, therefore, of opinion the demurrer was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*