[Filed March 22, 1886.]

## PORTLAND LUMBERING AND MANUFACTURING COMPANY v. SCHOOL DISTRICT No. 1.

MECHANIC'S LIEN—PUBLIC POLICY—PUBLIC PROPERTY.—On grounds of public policy, in the absence of a provision to the effect that a mechanic's lien may be acquired or enforced against public property held for public use, such a lien can neither be acquired nor enforced against such property.

MULTNOMAH COUNTY. Plaintiffs appeal. Affirmed.

*D. Goodsell*, for Appellant.

*H. H. Northup*, for Respondent.

LORD, J. This is a suit to foreclose a mechanic's lien, alleged to exist against the property of the defendant. A demurrer to the complaint was interposed, upon the ground that the facts stated were not sufficient to constitute a cause of suit. The court below sustained the demurrer, dismissed the complaint, and a decree was entered in accordance therewith, from which the plaintiff has ap-

pealed to this court. The point involved in this case, viz., that the mechanic's lien law is general, applying to all buildings alike, was considered by this court at its last term in the case of *Portland Lumbering and Manufacturing Co.* v. *City of Portland,* and determined adversely to the position of the plaintiff. The mode provided for the enforcement of a mechanic's lien is the sale, under execution, of the property against which the lien is asserted. But it is provided by another statute that all property owned by the state, or any county, incorporated city, town, or village therein, or of another public or municipal corporation of like character, shall be exempt from sale under execution. Here, then, there is a conflict, and it is clear that both of these laws cannot be enforced. What is the rule of law applicable to such a case? Mr. Phillips states it thus:

" Property which is exempt from execution, upon the grounds of public necessity, must, for the same reason, be equally exempt from the operation of the mechanic's lien law, unless it appears by the law itself that property of this description was meant to be included; and to warrant this inference, something more must appear than the ordinary provisions that the claim is to be a lien against a particular class of property, enforceable as judgments rendered in other civil actions." (Phillips on Mechanics' Liens, sec. 179.)

To avoid the force of this objection, it was contended that the language of the mechanic's lien law, in the use of the words " any building," was broad enough, and was intended to include this description of property. In *Board etc.* v. *O'Conner,* 86 Ind. 536, the particular objection here urged was thus answered by the court:

- " It is true that the statute of this state provides, in terms, for the acquisition and enforcement of a mechanic's lien upon and against ' any building;' but broad and

comprehensive as are the provisions of the statute, it must be construed in such manner as will not contravene settled principles of public policy."

Upon this ground, a building which otherwise would be subject to a lien may be exempt unless the statute, by express terms or necessary implication, includes such property.

In *Leonard* v. *City of Brooklyn*, 71 N. Y. 498, it was held by the court of appeals that, in the absence of an express statutory provision authorizing it, a mechanic's lien cannot be enforced against the real estate of a municipal corporation held for public use. The court said:

"If judgment in other actions cannot be enforced by the sale of public property, for the reason that public exigencies require that such property should be exempt from seizure and sale, certainly a judgment obtained under the lien law, which is the mere foreclosure of the notice which had been previously served and filed for work done for the benefit of the city, should stand in no better position. The act in question confers no special advantages, nor does it give a preference to a lien in any such case, and nothing is to be intended in favor of an enactment which interferes with a well-established principle, and changes a rule which has long been settled. To make such a material alteration, the law should be plain, explicit, and clear, and there is no ground for holding that it was the intention of the law-makers to confer upon a certain class of creditors the right to a lien upon property held for public use by a municipal government, unless there is an express provision to that effect. The statute does not include such a case, either in terms or by necessary implication." (*Darlington* v. *Mayor etc.*, 31 N. Y. 164; *City of Chicago* v. *Hasley*, 25 Ill. 595; *Foster* v. *Fowler*, 60 Pa. St. 27; *Loring* v. *Small*, 50 Iowa, 271; *Bouton* v. *McDonough Co.*, 84 Ill. 384; *Wilson* v. *Hunting-*

*don Co.,* 7 Watts & S. 197; *Ripley* v. *Gage Co.,* 3 Neb. 397; *Pike Co.* v. *Norrington,* 82 Ind. 190; *Lowe* v. *Board of Commissioners of Howard Co.,* 94 Id. 553; *Dunn* v. *North Missouri R. R. Co.,* 24 Mo. 493; *McPheeters* v. *Merrimac Bridge Co.,* 28 Id. 465; *Poillon* v. *Mayor of New York,* 47 N. Y. 666.)

To apply as a test the principle declared by these authorities to our mechanic's lien law, and the conclusion which we must reach, has been thus expressed by Houck, J.:

" In the mechanic's lien law of this state there is no provision to the effect that such a lien may be acquired or enforced upon or against public property held for public use; and in the absence of such a provision, we must hold, in conformity with the weight of authority elsewhere, that such a lien can neither be acquired nor enforced upon or against such property held for such use. " (*Board etc.* v. *O'Conner,* 86 Ind. 536.)

This brings the case under consideration within the principle of the case decided at the last term, in which it was held, on the ground of public policy, that a mechanic's lien will not attach to a public building unless it appears by the law that such property was intended to be included. Nor are authorities wanting to show, under statutes of similar import, that this principle has been directly applied to school buildings erected for public school purposes. Mr. Phillips says: " Under an ordinary statute, a lien cannot be acquired for work done or material furnished towards the erection of a public schoolhouse erected in accordance with public law." (Phillips on Mechanics' Liens, sec. 179, citing *Brinckerhoff* v. *Board of Education,* 37 How. Pr. 520; *Williams* v. *Controllers etc.,* 18 Pa. St. 275.) And to these may be added the further later authorities: *Board of Education* v. *Neidenberger,* 78 Ill. 58; *Thomas* v. *Board of Education,* 71 Id. 283; *Quinn*

v. *Allen,* 85 Id. 39; *Charnock* v. *Colfax T'p,* 51 Iowa, 70; *Falout* v. *School Commissioners,* 1 N. E. Rep. 389.

In support of the position that a lien can be enforced against such a building, the counsel for the plaintiff has cited two authorities: *Morse* v. *School District No. 7, Newbury,* 3 Allen, 307, and *Shattell* v. *Woodward,* 17 Ind. 225. In reply to this, it is sufficient to say that in the state in which the first case was decided there was no statute exempting such property from execution (*Gaskill* v. *Dudley,* 6 Met. 546); and in the last, it has been overruled by a later authority already cited. From these views it follows that there was no error, and the decree must be affirmed.