## Rominger v. Squires.

Where the several owners of two irrigating ditches entered into an agreement to construct a new ditch to supersede the old ditches, and, upon the trial of the question what proportion of water carried through the new ditch each one was entitled to, it appeared by the weight of evidence that nothing was said in the agreement about the division of the water, *held*, that the decree of the court adjudging that each party to the agreement was entitled to the same share of the water conveyed through the ditch as he owned of the new ditch itself was erroneous, as being against the weight of evidence. *Held, further*, that the finding of the court that the appropriations of water by the different parties were to be referred to the date of the contract respecting the new ditch, was erroneous, it not appearing that priorities had been waived by the contract respecting the new ditch.

*Appeal from District Court of Saguache County.*

Messrs. ARTHUR and VOSBURG, for appellant.

Messrs. E. F. and C. A. ALLEN, for appellee.

ELBERT, J.   We have carefully examined and considered the evidence in this case, and are of the opinion that it does not warrant the decree rendered.   The three owners of what is called the "Saalfeldt Ditch," and the four owners of what is called the "Wittmayer Ditch," entered into a contract in 1874 to construct what is called the "New Ditch," which was to supersede, either in whole or in part, the two old ditches as a water-way, by means of which their respective lands were to be irrigated.   The terms and extent of this contract were the leading questions in the trial below.   The court found, in substance, that it was an agreement that each of the parties to the contract (except Zeibig) was to own one-seventh of the ditch, and one-seventh of the water to be conveyed through it.   Zeibig, as representing two water-rights in the old ditches, was to have two-sevenths in the new ditch, and two-sevenths of the water.   This view of the agreement was the basis of the decree adjusting the rights of the plaintiff and defendant, who held as grantees of parties to the agreement.   This finding is undoubtedly correct as to the rights the respective parties were to have in the new *ditch* as a water-way.   With respect to the division of water, however, we think it plainly against the weight of evidence.   The weight of evidence is to the effect that nothing was said, *in the agreement to construct the new ditch, about the division of the water;* that each party was to bring through the new ditch the water which he claimed to have theretofore appropriated and used in the old ditches; that, while the agreement provided for a change of the water-way, it in nowise contemplated or provided for a change of water-rights.   Having reference to their rights in the old

ditches, the evidence shows priority of appropriation on the part of several of the original constructors of the new ditch, and, among others, Saalfeldt, the grantor of the defendant Rominger.   Water-rights in this state, where agriculture is almost exclusively carried on by means of irrigation, are valuable properties.   In this case the stream from which the water was taken was small, and a scarcity of water therein for the purpose of irrigation was by no means an improbable contingency.   It is not reasonable to suppose that priority of right to water, where water is scarce, or likely to become so, will be lightly sacrificed or surrendered by its owner.   Nor should the owner of such a right be held to have surrendered it or merged it except upon reasonably clear and satisfactory evidence.   The evidence in this case, in our opinion, is not such as to warrant the finding of the court upon this point, in view of the testimony of nearly all the original constructors of the new ditch, to the effect that *nothing whatever was said about the water* in the agreement concerning the new ditch.

The finding of the court that the appropriations of water by the different parties were to be referred to the same date could only have been based upon the proposition that priorities had been waived by the contract respecting the new ditch.   The evidence, as before said, shows a prior right, by "diversion and conversion to a beneficial use," in several parties to the contract.   The finding of the court upon this point is unsupported.

It follows that the decree, based upon these two erroneous findings, did not properly adjust and determine the respective rights and equities of the plaintiff and defendant in this case.   (1) In the view we have taken of the evidence, one-seventh is not the measure of the quantity of water to which each one is entitled.   (2) If it be conceded that the water-right of Zeibig, owned by the plaintiff, is of equal date with the water-right of Saalfeldt, owned by the defendant, we think it clear, as

the evidence now stands, that the water-right which the plaintiff claims in connection with the Volk ranch was a later appropriation of water, and must be postponed in favor of defendant's earlier appropriation.

There is nothing in the claim made by counsel for appellee that the plaintiff, Squires, was entitled by reason of five years' adverse possession. There is no such claim set up by the pleadings, nor did the testimony show any adverse possession such as is contemplated by the rule which counsel invoke.

The evidence before us is not sufficiently full and explicit to enable us to direct a decree determining the priorities of the parties, and the amount of water to which each one is entitled, either in this case, or in the case of *Rominger v. Bugh*, which, by agreement, is to be considered and determined upon the same evidence.

The decree of the court below will be reversed, and the cause remanded for a new trial upon the issues made by the pleadings.

*Reversed.*