Thomson, J.,
delivered the opinion of the court.
This is a suit to enforce a mechanic’s lien. The complaint alleges the organization of the school district, defendant, under the laws of this state relating to schools; a contract between it and the defendants Groves & Hackett for the construction of a schoolhouse, which reserved in the district the right to retain out of the money payable to the contract *320 ors the amount of any lien or claim chargeable to them, and for which the defendant might be made liable; the completion of the building and its acceptance and use by the school board; the furnishing of material for the building, and the performance of labor upon it, by the plaintiff, of the value of §1,600 in pursuance of a contract between him and Groves & Hackett; the filing by the plaintiff of his statement of lien in conformity with law; the retention by the school district of §12,000 of the money due Groves & Hackett on their contract; and prays judgment against Groves & Hackett for the amount due, and a decree establishing a lien upon the school premises.
A demurrer by the school district to the complaint was sustained, judgment was entered in its favor upon the demurrer, and judgment given against Groves & Hackett for the amount of the plaintiff’s claim. The plaintiff brings the case here, and assigns for error the ruling upon the demurrer.
The only question for determination is whether by virtue of the mechanic’s lien law of this state, a lien can be acquired or enforced for labor and materials furnished to a school district in the erection of a schoolhouse. Section 1 of the act concerning mechanics’ liens, in pursuance of which the statement in this case was filed, provides that whoever shall do any work or furnish any materials by contract, express or implied, with the owner of any land, his agent or trustee, for the construction, enlargement, alteration or repair of any building, or other structure, upon such land, or in making any other improvement, or in doing any other work upon such land, shall have a lien upon such land, building, structure or other improvement, for the amount and value o.f the work done, or material furnished, to the extent of the interest or claim of the owner at the time of the commencement of the work or furnishing of the materials. It also provides that, for the purposes of the act; any person having an assignable, transferable, or conveyable interest, shall be deemed an owner. Subsequent sections provide for the acquisition of liens by subcontractors, .the effect of which upon the prop *321 erty is the same as that of liens of original contractors. The lienor, upon the establishment of his claim, is entitled to a judgment against the party personally liable to him, and to a decree establishing his lien upon the property, for the satisfaction of which the court shall cause the property to be sold as in the case of foreclosure of mortgages. Session Laws, 1889, pp. 247-253 ; Gen. Stats. 1883, pp. 662-669.
The right to á mechanic’s lien has no existence except by virtue of the statute. While a liberal construction should be given to its provisions, to the end that the purposes of its enactment may not be defeated, still its scope cannot be enlarged by attaching to the language employed a forced or unusual meaning. The rights and remedies of a subcontractor are, to a certain extent, measured by those of the original contractor. The foundation of the right of either-to a lien is the original contract, and if that is not such as the statute contemplates, and cannot therefore be made the basis of a lien in favor of the original contractor, a contractor under him is entitled to none. The original contract must be made with the owner of the land upon which the building is erected, or with some person authorized to act for him, and the resultant lien is coextensive with his interest or claim in the property. An owner is one who has dominion over that which is the subject of the ownership. He has the right to make such use of it, consistent with the rights of others, as he may see fit. The ownership may extend to the entire thing, or may be limited to an interest in it; but whatever is the subject of the ownership, it is held by the owner for Lis own individual benefit. For the purposes of the act, an assignable, transferable or eonve}''able interest or claim in the thing constitutes ownership, but the right to assign, transfer or convey resides in the person having the interest or claim, to be exercised at his pleasure, so that his relation to the interest or claim is that of owner under the general definition of the.term.
It therefore becomes necessary to inquire whether the relation sustained by a school district to the school property is *322 that of owner. The education of the children of the state is a duty which devolves upon the state government. Article 9 of the constitution provides for a general system of public schools, the details to be supplied by legislation. The administration of the laws in relation to schools is confided to state officers, county officers, and district officers. A school district is a subdivision of the state for educational purposes. The several officers charged with the supervision of the schools, from the state board of education down to the directors of the school district, are merely the instruments of the state government, chosen for the purpose of effectuating its policy in relation to schools. The duties which they perform are prescribed by state law. The property which may be acquired for the purposes of the school, the manner of its acquisition, and the uses to which it shall be applied, are all regulated by legislative enactment pursuant to the constitution. No sale of the property, or disposition of the proceeds, is valid unless it is authorized by the laws of the state. The school district is created as a means for the more convenient and effective carrying out of the educational policy of the state. The entire control of schools and school property is in the state, to be exercised as it may see fit, subject to the requirements and restrictions contained in the constitution; and school officers and school districts are merely the agencies through which it acts in the performance of duties with which it is charged by that instrument. By the terms of the statute all school property within the district is held bjr the school board in trust for the school district, for the benefit of the school, and the school is a state institution. We do not think that either the school board or the school district is, within any definition of the term, the owner of the school property, and in our opinion the provisions of the mechanic’s lien law cannot be applied to public school buildings. See Thomas v. Urbana School District, 71 Ill. 283.
But it does not follow that the plaintiff is without a remedy. He has recovered judgment against his immediate contractors. A school district is a quasi corporation, and not subject to *323 process in garnishment, but if the hoard has money in its hands belonging to Groves & Hackett, and the plaintiff is unable to realize anything upon his judgment, the money can be reached by a proceeding in equity. A court of chancery will subject property and funds to the satisfaction of a judgment, when they cannot he reached by legal process, and the judgment cannot otherwise he satisfied. Pendelton v. Perkins, 49 Mo. 565.
The judgment'will be affirmed.

Affirmed.