FRED. WHITESIDE, APPELLANT, *v.* SCHOOL DISTRICT
No. 5 ET AL., RESPONDENTS.

[Submitted June 14, 1897. Decided June 21, 1897.]

*Mechanic's Liens—School Houses.*

MECHANIC'S LIENS—*School House.*—Inasmuch as the law which provides for liens of mechanics does not expressly provide for a lien upon school and other buildings such buildings are not subject to the lien of a sub-contractor.

SAME.—By section 321, First Division of the Compiled Statutes 1887, public buildings are exempt from execution; sub-division 9 of the same law provides: "But no article or species of property mentioned in this section shall be exempt from execution issued upon a judgment recovered for its price or upon a mortgage thereon. *Held,* that the sub-contractor not having a lien upon the property, he cannot subject the same to a sale to enforce the lien.

*Appeal from District Court, Flathead County.    Charles W. Pomeroy, Judge.*

ACTION by Fred Whiteside against School District No. 5 of Flathead county and others.    From a judgment in favor of defendants, plaintiff appeals.    Affirmed.

*W. N. Noffsinger* and *M. D. Baldwin,* for Appellant.

*C. B. Nolan,* Attorney General, for Respondents.

HUNT, J.—Plaintiff brought this action to enforce a me-chanic's lien against certain lots of ground alleged to belong to the defendant School District No. 5, Flathead county, Montana, and the buildings and improvements thereon, for material and labor furnished and used in the erection of a school house.    Plaintiff was a sub-contractor, with a balance due him by the contractor.    The question raised is whether such a lien can be enforced against a school house and lots held by school trustees for uses of a public school.

Boisot, a late and careful writer on mechanics' liens, states the law as follows:    "There can be no mechanic's lien on public property unless the statute creating such lien expressly

so provides, since such a lien would be contrary to public. policy, and would also be incapable of enforcement, public property not being subject to forced sale.   *   *   *   Public school buildings are also exempt from mechanics' liens.''

Jones on Liens, section 137, lays down the same rule that mechanic's lien laws do not, in the absence of express provisions, apply to public buildings, on grounds of public policy.

Phillips on Mechanics' Liens, section 179, also writes that under an ordinary statute a lien cannot be acquired for work done or materials furnished towards the erection of a public. school house, erected in accordance with public law, and that where a remedy is provided by statute for the collection of judgments and debts created by public functionaries, a mechanic's lien against a public school house is impliedly prohibited, and cannot be enforced.

The copious citations of cases in the notes of these several authors fully sustain the text laid down by each of them. Some of the more recent cases are *Hovey* v. *Town of East Providence*, 17 R. I. 81, 20 Atl. 205; *Mayrhofer* v. *Board of Education*, 89 Cal. 110, 26 Pac. 646; *Fatout* v. *Commissioners*, 102 Ind. 223, 1 N. E. 389; *Portland Lumbering & Manufacturing Company* v. *School District No. 1*, 13 Or. 283, 10 Pac. 350; *Jordan* v. *Board of Education*, 39 Minn. 299, 39 N. W. 801.

Most of the decisions base their reasoning upon the ground' of public policy, and point out that it is easy to see what detriment might follow if lands and buildings held for public uses —as, for instance, common schools—could be sold to satisfy the debts or defaults of municipal corporations having the legal title.

In the California case cited above the court invoked the general doctrine that ''the state is not bound by general words in a statute which would operate to trench upon its sovereign rights injuriously affecting its capacity to perform its functions or establish a right of action against it,'' and the court. applied the familiar rule of construction heretofore cited by holding that by the omission in the statute to mention public:

buildings it was manifest from the whole statute of that state that they were not included.

We believe that under the statute of this state, construing it according to the rule laid down in the foregoing cases, it was not intended to give to a mechanic who is a sub-contractor a lien for work done or materials furnished in the construction of a public school house. The omission of the express right to a lien upon such a building and property shows that it was not intended to be included within the provisions of the law for reasons of public policy. It is evident that the legislature did not mean to disturb this almost universal rule of statutory construction. By section 321, First Division of the Compiled Statutes 1887, public buildings and lots are exempt. This includes public school houses and lots.

The appellant contends, however, that the very last clause of sub-division 9 of the exemption statute renders a school house subject to the levy of an execution. After providing that public property shall be exempt, the statute continues: "But no article or species of property mentioned in this section shall be exempt from execution issued upon a judgment recovered for its price, or upon a mortgage thereon."

But we think that the language quoted is entirely inapplicable to the case of a sub-contractor who is seeking to foreclose a mechanic's lien. Not having the right to subject the property to the lien, it should not be subjected to a sale to enforce such lien. (*State* v. *Tiedemann*, 69 Mo. 306.)

Whatever may be the rights of a direct judgment creditor of the school district, who has sold property to the trustees for public uses, it is certain that the statute does not mean to limit the previous general words of exemption by permitting a school house to be sold under an execution in favor of a sub contractor who has no special lien, for a small part of its value, and perhaps to be forever lost to the school district before funds could be collected by a tax levy wherewith to pay the amount of the debt.

The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.