## Fort Lyon Canal Co. v. Chew et al.

*District Court of Otero County.* (*May 6, 1902.*)

CHARLES E. GAST and PLAT ROGERS, Attorneys for Plaintiff.

JOHN R. DIXON, Attorney for Defendant.

VOORHEES, J.

This is a case in which the plaintiff seeks to enjoin

the defendant officers from recognizing and the defendant companies from making loans of water under section 3 of "an act in relation to irrigation," Sess. Laws 1899, § 3, approved April 6th, 1899, on the ground that said section of said act is unconstitutional and void, because by its terms it deprives junior appropriators of vested rights to the use of so much water decreed to senior appropriators as the senior appropriators may for any reason, at any time not actually need for the irrigation of his lands—the contention in effect being·that a decree for a priority gives no appropriator the right to a fixed amount of water, but merely fixed the maximum which he may use in accordance with his needs; that when not needed by the senior appropriator it should remain in the stream for the use and benefit of junior appropriators; that the loan of said surplus waters to junior appropriators imposes an increased burden upon the stream depriving the junior appropriator of his priority rights.

The section of the statute in controversy provides, upon written notice, for the loaning of water for a limited time for the purpose of saving crops. It is this section that is claimed by the plaintiff herein to be unconstitutional and void as affecting the vested rights of adjudicated priorities of junior priorities and subjecting them to the rights of the senior priorities.

The case, under the pleadings, comes on upon motion for judgment upon the pleadings. The facts being admitted by the pleadings are as follows:

I. The incorporation of the plaintiff and defend-

and companies and the official character of the officers.

II. The priority of the plaintiff company of 164.64 cubic feet of water per second of time, of date April 15th, 1884, and 597.16 cubic feet of water per second of time of date March 1st, 1887.

III. The priority of the defendant companies:

a. The Arkansas Valley Company of 70 feet, between 1861 and 1864.

b. The Twin Lakes Company of 756.28 cubic feet of water per second of time, of June 9th, 1890.

c. The Catlin Company, of 248 cubic feet of water per second of time, of date December 13th, 1884.

d. The Laguna Canal Company, of 155 cubic feet of water per second of time, of date September 5th, 1889.

Alleging that the priorities of the Arkansas Valley Company and the Catlin Company were prior to and senior to those of the plaintiff, The Fort Lyon Company, while the priorities of the Twin Lakes Company and the Laguna company were subsequent to and junior to those of the plaintiff, the Fort Lyons Company.

IV. That the Arkansas river is the common source of supply, the said ditches being within Water Districts Nos. 14 and 17, and a shortage of water exists in said Arkansis river.

V. That under and pursuant of the statute of 1899 the Arkansas Valley Company loaned, for a limited time, to the Twin Lakes Company 40 feet of its water November 11th, 1901. That the Catlin Company, for a limited time, loaned to the Laguea Com-

pany, 130 feet of its priority December 3rd, 1901. And that said companies threaten and will continue to loan said waters.

VI. That at the dates of said loaning of water the said Arkansas Valley company and the Catlin Company had no present need for the use of said water.

VII. That said loans were temporary and for the purpose of saving crops.

VIII. It is further admitted in open court that, under the issues as raised by said pleadings, the sole question for consideration is the construction upon the constitutionality of section 3 of the act of 1899, (Sess. Laws 1899, § 3) under which said loan of water was made—the defendant officers justifying their acts under the statute.

The first question to present itself to the court is the character and nature of a priority right independent of the act of 1899; that is, as to whether or not the statute gave any new or additional rights to be enjoyed by the holders of priorities other than those which already existed at the time of the passage of said act.

It is contended by the plaintiff herein that a priority right to the use of water is merely usufructuary, limited to the actual needs for the irrigation of the lands and crops of its owner. While the defendants contend that a priority right is a property right pure and simple, absolute to its full extent as decreed, regardless of the character, needs or necessity for its use by its owner or the place of use at which it is applied.

The law of priorities and the system of irrigation in vogue in this state, is the outgrowth of necessity, evolved from the constitutional provisions and legis-

lative enactments under decisions of our appellate courts.

In the earlier cases of our appellate courts, Coffin v. Left-hand Ditch Co., 7 Colo. 114; Rominger v. Squires, 9 Colo. 327; the court held that a priority to the use of water constituted a usufructuary estate.

And later on in the case of Wheeler v. Northern Colo. Ir. Co., 10 Colo. 588, further held that the paramount right of the user was vested in the appropriator.

Up to this time, while the priority had been given the qualifications incident to property rights, it was still claimed that the right was usufructuary, incident to the soil to which it was attached. But in the case of Strickler v. The City of Colorado Springs, 16 Colo. 61, the appellate Court took the step and declared that a priority right to the use of water was a property right; that the owner had the right to change its point of diversion and the place of its use so long as the new use imposed no greater burden upon the stream; that it could be sold separately from the land in connection with which the right ripened; that it was subject to all the incidents of property and would be protected as such. Which doctrine has been upheld in the cases of Combs v. Agr'l. D. Co., 17 Colo. 147; Ft. Morgan Co. v. S. Platte Co., 18 Colo. 1; Wyatt v. Irr. Co., 18 Colo. 308; Nichols v. McIntosh, 19 Colo., 22; Cash v. Thornton, 3 Colo. App. 475. And further holding that the birth and life of a priority as a property right depends upon its user regardless of the place or character of the use.

The court also, in the case of Nichols v. McIntosh, 19 Colo. 22, says that the owner of a priority may abandon the ditch from which his title was initiated,

yet retain his priority right by continuing its use in another ditch. Also that the priority right to the use of water, being a property right, it is protected by our constitution so that no person can be deprived of it without due process of law.

In the cases of The Farmer Co. v. A'r'g. Co., 22 Colo. 13; The Water Co. v. Larimer, 24 Colo. 322, the court holds that the measure of the amount of water which an appropriator holds is not determined by his immediate needs (a matter in itself disputable) but by his decree.

Also in the cases of Newmercer Co. v. Armstrong, 21 Colo. 327; The Boulder Co. v. Lower Boulder Co., 22 Col. 115 that the decree conclusively establishes the right of the quantity of water which claimants were entitled to apply to a beneficial use, and that therefore it follows that the claimants cannot have their rights abridged save upon proof of abandonment subsequent to the entry of the decree.

Hence, however meritorius in practical application the contention of the plaintiff may be as to the priority being merely a usufructuary right, limited to the actual needs of the owner, it possesses no force when we consider the decisions of our appellate courts as hereinabove cited. The case relied upon by the plaintiff of Slosser v. The Salt River Valley Canal Company, 65 Pac. 332 (an Arizona case) appeals strongly to the mind of the court, as good logic, and may be the law of Arizona, but it is not the law of Colorado under the decisions of our appellate courts. And it is not the province of this court to speculate on what the law should be and make it accordingly, but to pronounce what the law is, leav-

ing it to the appellate courts or to the people to the people to make any desirable change.

So, that the matter having been fully determined as to the character of a priority right to the use of water by our appellate courts; that is, that it is a property right with all the incidents of property to its decreed amount, subject only to be defeated by non-user or abandonment, we are compelled to hold that under section 3 of the act of 1899 (Sess. Laws 1899, § 3) no new right was created; that the full right to enjoy the property in a priority to the use of water existed prior to the passage of said act the same as subsequent thereto or under its provisions. That section 3 of the act of 1899 imposed only a condition precedent upon the proper officials in recognizing the exercise by the owner of a right which already existed and is, therefore, a mere police regulation providing a method for the proper distribution of water, and as such must be upheld.

Under the authorities already cited, recognizing a priority right to the use of water as a property right, the contention that the act of 1899 modifies the decreed rights thereunder, the decree being entered prior to the passage of the act, cannot be maintained, because as herein held by the court, the right existed prior and independent of statute, and having all of the incidents of property was subject, by its owner to loan, barter and sale. Neither can it be maintained that the loaning of water imposes a greater burden upon its duty than an absolute sale, because the decree limits the right to the use in amount only regardless of the character of the place of use.

It is further argued by counsel that section 3 (Sess. Laws 1899, § 3) should be held to be void for the

reason that it qualifies sections 1 and 2 of the act of 1899. (Sess. Laws. 1899, § 1, 2.) This contention is also without merit. Sections 1 and 2, (Sess. Laws 1899, §§ 1, 2,) provide for the permanent transfer and absolute sale of water by proceeding in court so that it may be made a matter of record in the proceeding in which the priorities were adjudicated, while section 3, (Sess, Laws, 1899, § 3) provides for the temporary exchange, vesting the authority to make such change in the proper irrigation officers. In neither case does the statute create any new right, but merely provides for the distribution of water under proper authority and as such are police regulations and not in conflict one section with the other.

The court's attention is also called to the case of Livesy v. Squires, decided by Judge Shumate, and also a case decided by Judge Stevens, in which the statute herein was passed upon by the said *nisi prius* courts. But, as I am advised, said decisions are at variance, one with the other, so that the court herein feels free to give its opinion as a question of first impression upon the statute before it.

Therefore, for the reasons hereinbefore given, the court holds that the act of 1899 (Sess. Laws 1899, Chap. 105) and section 3 thereof, is valid and not unconstitutional and void as claimed by the plaintiff herein: and as there is no claim made herein of abandonment, neither is it claimed that any extrinsic fact other than the continued use of water under the loan injurously affects the decreed rights of the plaintiff, therefore, the court further holds that the plaintiff herein has absolutely failed to maintain its motion for judgment on the pleadings, and that its said complaint herein fails to state a cause of action.

Wherefore, it is ordered, adjudged and decreed that said motion for judgment on the pleadings be and the same is hereby overruled.

Upon motion of defendant injunction dissolved and plaintiff electing to stand upon complaint, action is dismissed at cost of plaintiff.

*Appealed to Supreme Court.*