[No. 8788.]

### FISHER ET AL. v. PIONEER CONSTRUCTION CO.

1. APPEAL AND ERROR—*Bill of Exceptions.* When the evidence is not brought up, this court will assume that it supports the findings of the court below upon the facts.

2. MECHANIC'S LIEN—*What Properties Subject*. The properties of an irrigation district are not subject thereto.

Nor are those of a *de facto* public corporation.

3. ——*For What the Lien is Given*. A new head-gate and weir, placed in the ditch of an irrigating company, by a third person for use upon account of its enlargement, gives no right of lien upon the original ditch.

Nor does the enlargement of the head-gate and weir, which are but part of the entire system, even though the new ones are required to supply needs created by an enlarged· use.

4. CORPORATION—*De Facto*. A corporation dissolved by judgment of ouster, in the District Court, sued out a writ of error to reverse this judgment and procured a supersedeas. *Held*, still a corporation *de facto*.

5. ——*Powers of Corporation De Facto*. Everything done by a *de facto* corporation, while acting as such with the connivance of the public, and which would have been of legal effect if it had been a corporation in law, must be held of the same effect.

6. ——*Dissolution—Effect*. Property acquired by a *de facto* corporation does not, upon its dissolution, revert to the former owner, nor is any right created in favor of other parties, which right did not exist during the corporate life time.

*Error to La Plata District Court*. Hon. W. N. SEARCY, Judge.

Mr. JOHN P. BROCKWAY, for plaintiffs in error.

Messrs. MOLLETTE & CLEMENTS, Messrs. SHERWIN & HUNGERFORD, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court.

The plaintiffs in error secured a personal judgment against the defendant in error, The Pioneer Construction Company, for $1,579.88, being the balance due for the construction of a diversion weir and headgate upon The Florida Canal, at or near the source of its supply from the Florida river. They were denied the right of a mechanic's lien. The contract for this work was between the plaintiff in error, McDonald, and the defendant in error, The Pioneer Construction Company. Fisher is an assignee of McDonald.

The alleged errors pertain to the court's refusal to allow plaintiffs in error a mechanic's lien, and in denying to them a new trial. The evidence is not before us, for which reason we must assume that it justifies the court's finding of facts.—*Sheer v. The Zollverein M. & L. Co.*, 48 Colo. 350, 109 Pac. 862; *Clipper M. Co. v. Eli M. & L. Co.*, 29 Colo. 377, 68 Pac. 286, 64 L. R. A. 209, 93 Am. St. 89; *Price v. Kit Carson Co.*, 22 Colo. App. 315, 124 Pac. 353.

The admitted facts in the pleadings, and others included in the court's finding, disclose that the defendant in error, The Florida Canal Company, was the owner of The Florida Canal, as originally constructed, with a capacity of forty feet, for which it possessed a priority of right; that The Florida Canal Enlargement Company was the owner of an enlargement to this canal, together with a priority used in connection therewith; that prior to the irrigation season of 1911, these companies owned and used, as a part of said system, a good and sufficient headgate and diversion weir, of sufficient capacity, through which they carried their respective waters; that in March, 1910, the defendant in error, The Florida Mesa Irrigation District, was organized under our Irrigation District law; that in July following, it entered into a contract with The Pioneer Construction Company for the construction, for it, of an irrigation system, to include title to rights of way, etc., for the use of the district; that this system was to consist of a reservoir, and a second or additional enlargement to The Florida Canal, to include a headgate and diversion weir sufficient in size to divert and carry, not only the waters to be secured by said district, upon account of this second enlargement, but also the waters used and owned by the then owners of the canal; that in December, following, The Pioneer Construction Company entered into a contract with McDonald for the construction of the enlarged

weir and headgate; that thereafter the old headgate and weir of the two canal companies were removed, and in their place McDonald constructed the new ones, and thereafter duly filed his mechanic's lien upon the entire property to secure the balance due him.

The plaintiffs in error alleged that The Pioneer Construction Company's contract was with the defendants in error, The Florida Canal Company and The Florida Canal Enlargement Company. This allegation was denied. The court found that The Pioneer Construction Company's contract was with the irrigation district; that the canal companies had nothing to do with it; that it was not made for their benefit, and that the construction provided for therein was not a part of their property, nor an addition thereto, but to the contrary that the canal of The Florida Canal Company, and the enlargement owned by The Florida Canal Enlargement Company, and the second enlargement constructed for the irrigation district, were separate entities; that the work to be performed by the district in making the headgate and weir necessary to accommodate such second enlargement did not constitute the erection of a structure upon, nor the making of an improvement to the original ditch, or to its first enlargement, for which reason that the right of mechanic's lien did not attach to the original canal, or its first enlargement. Commenting upon this subject, the learned trial judge said:

"As to the relation of the Canal Company and the Canal Enlargement Company to this headgate and weir, it seems to me that the situation in this case must be held to be just the same as it would be in any other case of the enlargement of a ditch by a new and independent claimant. An irrigation ditch, with its right-of-way, constitutes a peculiar form and species of property. It may be easily subject to an improvement which will give right of lien upon it; but, at the same time, it is a separate

and distinct piece of property. If the owner of the original ditch simply enlarges the same, then he must be improving his own property; but if some other person, acting under the statute, sees fit to add an enlargement for his own use and benefit, he cannot truly be said to be improving in any way the original ditch. He is merely combining a new structure of his own with an already existing structure of the original owner. The enlargement is a new and distinct and independent structure. It is not built upon nor made as an improvement of the original structure. Whether the new ditch be an extension of the old ditch, or whether it be an enlargement of the old ditch, it nevertheless, constitutes a newly created piece of property in distinct ownership, and in no legal sense built upon the first one. It seems to me to be immaterial whether the original owner resists from the beginning, and compels a condemnation suit, or whether he acquiesces in the enlargement, or whether he remains silent during its construction. I can see no sound reason under the law for holding that he must resist the enlargement, which the law allows, in order to prevent liens from attaching to his own ditch when another one is constructed through it. And if the enlargement, whether by acquiescence or condemnation, is on the same basis, then I am satisfied that the mechanic's lien law never was intended to apply, and does not apply so as to give a lien upon the first ditch, because some other person concludes to construct his ditch through it and combine the flow of water. As heretofore stated, in my judgment, this case is based upon the contract rights and not upon the statute of non-notice; but even if the action were based upon the statute, it seems to me it could not apply to the situation.''

We agree with the above comments and are of opinion that under such circumstances no lien could attach to the original canal by virtue of there being added thereto,

by some one else, additional space as a separate entity thus acquired and to be thus used.—*Nichols v. McIntosh*, 19 Colo. 22, 34 Pac. 278; *Farmers' High Line C. & R. Co. v. Southworth*, 13 Colo. 111, 31 Pac. 1028, 4 L. R. A. 767; *Rominger v. Squires*, 9 Colo. 327, 12 Pac. 213.

The same rule applies to the enlargement of the headgate and weir in the first instance, which are but a part of the entire system, even though new ones have to be constructed in order to supply the needs created by the enlarged use.—*Sand Creek L. I. Co. v. Davis*, 17 Colo. 326, 29 Pac. 742; *Patterson v. Brown, etc., Ditch Co.*, 3 Colo. App. 511, 34 Pac. 769.

The court found that upon August the 18th, 1910, the irrigation district delivered to The Pioneer Construction Company the sum of $350,000.00 par value of its bonds, as payment in full for the right of way for this second enlargement, for some other property, and for the completion of the canal, headgate, weirs, etc., called for by their contract of July 2nd, 1910; that this included payment for the work thereafter performed by McDonald under his contract of December the 1st, following; that the conveyances to the district were executed and delivered, and that the title to all the property became vested in the district, on August 18th, 1910; that for these reasons, at the time McDonald entered into his contract with The Pioneer Construction Company for his work, the construction company was an original contractor with the district for the work which McDonald was thereafter to perform; that at that time the contractor had been paid in full for all of this work; that the district's interest therein was not subject to a mechanic's lien upon account of its being a public corporation. The question which then presents itself is, whether the property of an irrigation district, to be used exclusively for the purposes for which the district is created, is exempt from

mechanic's liens, the same as property thus used by other public corporations. We think it is.

Under our statutes an irrigation district is a public corporation. Its revenues are provided by taxation the same as other municipalities. We are unable to perceive any reason why its property, so far as mechanic's liens are concerned, should not be governed by the same rules as those applicable to other public corporations.—*Anderson v. Grand Valley Irr. Dist.*, 35 Colo. 525, 85 Pac. 313; *McCord Merc. Co. v. McIntyre*, 25 Colo. App. 376, 138 Pac. 59; *Merchants' Nat. Bank v. Escondido I. Dist.*, 144 Cal. 329, 77 Pac. 937; *Turlock Irr. Dist. v. Williams*, 76 Cal. 360, 18 Pac. 379; *Alfalfa Irr. Dist. v. Collins*, 46 Neb. 411, 64 N. W. 1086; *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369; Weil on Water Rights, (2d Ed.), sec. 429; 4 Cyc. 817; *San Francisco Sav. Union v. Reclamation Dist.*, 144 Cal. 639, 79 Pac. 374.

That the property of a public corporation acquired and used for public purposes, is not subject to a mechanic's lien, we take it cannot be seriously questioned. —25 Cyc. 25; *Florman v. School District*, 6 Colo. App. 319, 40 Pac. 469; *Thomas v. Urbana School Dist.*, 71 Ill. 283; *San Francisco Sav. Union v. Reclamation Dist., supra; Whiteside v. School Dist.*, 20 Mont. 44, 49 Pac. 445; *Portland L. & M. Co. v. School Dist.*, 13 Or. 283, 10 Pac. 350; *Natl. Fire P. Co. v. Huntington*, 81 Conn. 632, 71 Atl. 911, 20 L. R. A. (N. S.) 261; *Hovey v. East Providence*, 17 R. I. 80, 20 Atl. 205, 9 L. R. A. 156; *Guest v. Lower Merion Water Co.*, 142 Pa. 610, 21 Atl. 1001, 12 L. R. A. 324.

The plaintiffs in error, in their amended complaint, allege that The Florida Mesa Irrigation District is a duly organized and existing irrigation district, under the laws of this state. In their motion for a new trial, they set forth, that prior to July the 5th, 1912, a suit was brought on the relation of The People against certain

persons assuming to act as directors of this district; that
The Pioneer Construction Company and one Dorst in-
tervened in said action; that on said date last named a
decree was entered to the effect that our irrigation dis-
trict act was unconstitutional, for which reason a writ
of ouster was issued, and that said pretended district
was decreed to have no legal existence, etc.; that theer-
after The Pioneer Construction Company and Dorst sued
out a writ of error in the Supreme Court and procured a
supersedeas of this judgment; that on the 18th of Feb-
ruary, 1914, which was prior to the decision in this case
(which was rendered February 20th, 1915) the Supreme
Court, for want of prosecution, dismissed the proceeding
in error; that this was with the consent of the attorneys
for defendants in error in this case, who were also act-
ing for The Pioneer Construction Company and Dorst
in the writ of error case; that notwithstanding this fact,
the same attorneys, on May 2nd, 1914, filed in this case,
upon behalf of the defendants in error, including the pre-
tended irrigation district, separate answers to plaintiffs'
amended complaint, in which they alleged that the prop-
erty of the district was not subject to a mechanic's lien
because it was a municipal corporation.   Plaintiffs in
error claim that on account of these facts the other de-
fendants in error and the attorneys for all of them, at
the time of filing these answers, concealed from the court
and from the plaintiffs in error the fact that this court
had decreed that there was no such municipal corpora-
tion in existence, and thereby procured the court to make
a finding of facts that the district was a public corpora-
tion and the owner of the property, for which reason
the lien could not attach; that this was newly discovered
material evidence which could not, with reasonable dili-
gence, have been discovered and procured at the trial.
Upon the hearing of this motion, it was alleged by de-
fendants in error and admitted by counsel for plaintiffs

in error, that their counsel had known all along of the existence of the *quo warranto* suit, of the decree of the District Court therein, of the suing out of the writ of error, of obtaining the supersedeas, and in fact everything with the exception of its dismissal for want of prosecution.

The trial court denied the motion for a new trial for three reasons: First, evidently lack of diligence in ascertaining the existence of the alleged newly discovered evidence. Second, that the plaintiffs, having alleged the existence of the public corporation, and tried their case upon that theory seeking to have their lien attached upon the entire property, regardless of their allegation that it was an irrigation district, are estopped from thereafter seeking to show to the contrary, and thus secure a new trial upon a different position than the one started with and continued throughout the trial. And third, that it could have made no difference, so far as they were concerned upon the lien question, had these facts been disclosed prior to the rendition of the judgment. We think the third reason is correct, hence will not pass upon the first or second.

Until the decision in the *quo warranto* proceeding became final by the dismissal of that action in this court, a supersedeas having been granted, the district was a *de facto* corporation.

In *Jones v. Aspen Hardware Co.,* 21 Colo. 263, 40 Pac. 457, 29 L. R. A. 143, 52 Am. St. 220, this court said:

"To constitute a *de facto* corporation there must be either a charter or a law authorizing the creation of such a corporation, with an attempt in good faith to comply with its terms, and also a user or attempt to exercise corporate powers under it."

See also, *Reclamation District v. McPhee,* 13 Cal. App. 382, 109 Pac. 1106; 2 Cook on Corporations, (6th Ed.), p. 1805; *Marshall v. Keach,* 81 N. E. (Ill.) 29; *So-*

*ciety Perun v. City of Cleveland,* 43 Ohio St. 481, 3 N. E. 357; *Toledo, etc., R. Co. v. Continental Trust Co.,* 95 Fed. 497; *Georgia S. R. Co. v. Trust Co.,* 94 Ga. 306.

In Smith on The Modern Law of Municipal Corporations, Vol. 1, Sec. 64, it is said, in substance, that in case of municipal corporations there may be a corporation *de facto.* When a municipal body has assumed, under color of authority, and exercised for a considerable period of time, with the consent of the state, the powers of a public corporation, of the kind recognized by the organic law, that neither the corporation nor any private party can, in private litigation, question the legality of its existence.

In *People v. La Rue,* 67 Cal. 526, 534, 8 Pac. 84, at page 87, it is said:

"A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform, were it a *de jure* corporation. As to all the world, except the paramount authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid, and even as against the state, except in direct proceedings to arrest its usurpation of power, it is submitted, its acts are to be treated as efficacious."

In *Back v. Carpenter,* 29 Kans. 349, a city of the third class had acted as a city of the second class, under an act of the legislature thereafter held unconstitutional. The court held that during the period it thus acted, it was such *de facto,* and everything done by it and its officers during that time which would have been valid if it had been in law, as well as in fact, a city of the second class, must be held legal.

The principles announced in the cases last cited are applicable here, regardless of the trial court's ruling in the *quo warranto* suit to the contrary; the statute authorizing the incorporation of this district was then in exis-

tence and its validity has been sustained by this court. *Anderson v. The Grand Valley Irr. Dist.*, 35 Colo. 525, 85 Pac. 313. There had been an honest effort to comply with it, hence, so far as this district is concerned, its proceedings thereunder, up to the time that it was dissolved, must be held to have been attempted under a valid law. While we do not interfere with the ultimate judgment in the former case, which it must be conceded was rendered upon a false premise, yet we cannot allow the erroneous reason for that judgment to overcome the proper effect to be given the statute in another case which affects the rights of others not parties to the other action. At the time McDonald entered into his contract with The Pioneer Construction Company for this work, it held a contract therefor with the district which, at that time, was a *de facto* public corporation. As such public corporation, the district had paid to its contractor, The Pioneer Construction Company, the full amount due or to become due from it for the McDonald work. At that time, also when the work was done and when this suit was brought, it was still in existence as a *de facto* public corporation, for which reason its property was not subject to a mechanic's lien. We cannot agree that upon its dissolution, its property, paid for during its existence as a *de facto* public corporation, reverts back to the original owner, nor that its dissolution brings to life any right in favor of other parties against it, which did not and could not exist during its life time. For these reasons we are of opinion that up to and at the time of its dissolution, its assets and liabilities were controlled by the conditions exisitng at and prior thereto, one of which is (as held by the great weight of authority) that it was a *de facto* public corporation.

The judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE WHITE and Mr. JUSTICE TELLER concur.