No. 13,412.

LAW v. JOHNSTON.

ASSESSMENT.—*Street Improvement.*—*Notice.*—*Due Process of Law.*—*Constitutional Law.*—Where a street improvement assessment can only be enforced by proceedings in court, after due notice to the property owner, the city charter and ordinances under which such assessment is levied are not void because they fail to provide for notice of the assessment. *Garvin* v. *Daussman*, 114 Ind. 429, followed.

From the Vanderburgh Superior Court.

*C. Denby, D. B. Kumler* and *E. E. Law*, for appellant.
*J. E. Williamson*, for appellee.

COFFEY, J.—On the 21st day of July, 1884, the common council of the city of Evansville passed an order requiring the owners of all lots situate on the east side of Ninth avenue, between Ohio and Pennsylvania streets, in said city, to cause the sidewalk in front thereof to be brought to the proper grade, and to cause a sidewalk of a certain class, therein named, to be laid down thereon, within thirty days from the date of the publication of said order. The owners of said lots having failed to comply with said order, a contract for the doing of said work was awarded to the appellee. Upon apportionment of the costs of said work, there was assessed against the property of the appellant the sum of $110.25. Upon this assessment a precept was issued to the appellee, under the city charter and ordinances of said city, authorizing him to collect said amount in his own name and for his own use out of the property of the appellant described and abutting on said avenue.

This suit was prosecuted in the Vanderburgh Superior Court for the purpose of collecting said assessment, and declaring the same a lien on said property. The court overruled a demurrer to the complaint and the appellant excepted. Appellant then answered in two paragraphs, the first being a general denial. A reply was filed to the second paragraph, and the cause, being at issue, was tried by the court, which entered a finding and decree as prayed in the complaint.

The appellant assigns as error : 1st. That the court erred in overruling the demurrer to the complaint. 2d. That the court erred in overruling the appellant's motion for a new trial.

The only question argued in this court is the one involving the constitutionality of the city charter and ordinances under which the improvement was made. It is earnestly insisted that said charter and ordinances do not provide for notice of the assessments, and that, therefore, they are void as being in conflict with the Constitution of the United States and the Constitution of this State.

It is essential to the validity of every law under which proceedings may be had for the taking of the property of an individual, or to impose a burden upon it which may result in taking it, that the law make a provision for giving some kind of notice in the proceeding, and that the owner, at some stage, have the opportunity to be heard before some tribunal authorized to preserve his rights.   But the charter and ordinances involved in this suit were fully considered and adjudicated in the case of *Garvin* v. *Daussman,* 114 Ind. 429.   It was held in that case, that as the assessment could only be enforced in a legal proceeding in court, where notice was required, and in a court where ample opportunity would be afforded for questioning the validity of the proceedings for the improvement, and all other matters respecting the legality of the amount assessed, the charter and ordinances in question were not unconstitutional.   That case is decisive of this.   The court did not err in overruling the demurrer to the complaint; neither did it err in overruling the motion for a new trial.

Judgment affirmed.

Filed April 5, 1889.