10 311
10 322
37* 568
37* 570
10 311
d17 136
</div>

ORSON H. PETTIT AND OTHERS, APPELLANTS, *v.* HARRY T. DUKE, TREASURER OF SALT LAKE CITY, RESPONDENT.

SPRINKLING TAX.—LOCAL ASSESSMENT.—INJUNCTION.—EQUITY JURISDICTION.—STREET SPRINKLING NOT A PERMANENT IMPROVEMENT.—ILLEGAL TAX.—1 Comp. Laws 1888, p. 621, provides that the city has power "to levy and collect taxes for general or special purposes on real estate and personal property" and "for lighting, sprinkling and cleansing of streets," and Id. pp. 644-5, provides that the city has power to levy taxes by local assessment for "sewerage, paving and other like purposes," including street improvements and repairs, waterworks and gas mains. Salt Lake City passed certain

ordinances dividing the city into sprinkling districts and levying a special tax or assessment of seven cents per linear or front foot, on the real estate abutting upon the streets in such districts, to pay the expense of sprinkling the streets therein, and threatened to sell the real estate unless the tax was paid. *Held, first*, that a court of equity had power to enjoin the collection of the tax, if illegal, as the sale of the land would create a cloud upon the title, cause irreparable injury and produce a multiplicity of suits. *Second*, that the legislature conferred upon Salt Lake City the power to levy taxes by local assessments only for certain enumerated purposes, and "for other like purposes;" that the purposes mentioned are, in their nature, permanent improvements; that street sprinkling not being included in the enumeration, is excluded by implication and is not a "like purpose" to those enumerated because it is not an improvement permanent in its nature. *Third*, that the tax was levied without authority of law and is illegal and void.

(No. 435. Decided July 27, 1894. 37 P. R. 568.)

APPEAL from the District Court of the Third Judicial District, Hon Charles S. Zane, *Judge*.

Action by Orson H. Pettit and others against Harry T. Duke, treasurer of Salt Lake City, to enjoin the collection of a sprinkling tax by local assessment. From a judgment sustaining a demurrer and dismissing the complaint, plaintiffs appeal. *Reversed*.

*Messrs. Richards & Richards*, for appellants.

Municipal corporations can levy no taxes, general or special upon the inhabitants or their property unless the power be plainly and unmistakably conferred. 2 Dillion, Mun. Cor. §§ 763-4-5 and notes; *Brownsville* v. *Loague*, 129 U. S. 493. Local assessments being a peculiar species of taxation, there must be special authority of law for imposing them. The ordinary grant to a municipal corporation of power to levy taxes for municipal purposes

will not justify any other than the ordinary taxes. Cooley on Taxation, 418 and note. The power to levy an assessment for an improvement without express legislative permission cannot be inferred from the general welfare clause in the charter, nor from the ordinary grant of power to levy taxes nor from the power to make improvements. 2 Beach Pub. Cor. § 1166 and note; 15 Am. and Eng. Enc. of Law, p. 1192; *Ambler* v. *Whipple* (Ill.), 32 Am. St. Rep. 206; *State* v. *Robertson* (La.), 13 South. R. 164; *City of Augusta* v. *Murphy* (Ga.), 3 S. E. 326; *Albuquerque* v. *Zeigler* (N. M.), 27 Pac. 315; *Wright* v. *Chicago*, 20 Ill. 252. Special assessments are made upon the assumption that a portion of the community is to be specially and peculiarly benefited in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds. Cooley on Taxation, 416–17 and note. The legislature has expressly conferred upon the municipality power to divide the city into districts and levy taxes by local assessment for "Sewerage, paving, and other like purposes," including street improvements and repairs, water works and gas mains, but "street sprinkling" is not included in the enumeration. The words "other like purposes" do not grant the power because sprinkling is not a like purpose; not a permanent improvement like sewerage and paving, and does not confer such special benefit upon the abutting property as the law requires in order to sustain a local assessment. Suth. on Stat. Con. § 270. The supreme court of Illinois, in an able and exhaustive opinion reviews all the authorities on this subject. *City of Chicago* v. *Blair*, 36 N. E. 829. The following authorities are in harmony with the Illinois cases. *Hammett* v. *Philadelphia*, 3 Am. Rep. 615; *Washington Avenue* (Pa.), 8 Am. Rep. 255; *Erie* v. *Seventh Street* (Pa.), 23 At. 1102; *Rector* v. *Board of Improvement* (Ark.), 6 S. W. 519; *Trumpler* v.

*Bemerly,* 39 Cal. 490; *Guest* v. *Brooklyn,* 69 N. Y. 506, 515. Street sprinkling is not found among the enumerated instances conferred by the legislature upon the city in which taxes by local assessment may be levied, and so is excluded by implication under the familiar maxim, *expressio unius est exclusio alterius.* Suth. Stat. Con., § 325; 1 Dillon, Mun. Cor. § 340; Horr. & Bemis Police Ord. § 18; *U. S.* v. *Arredondo,* 6 Pet. 725; *Railway Co.* v. *City of Savannah,* 30 Fed. 646. A tax cannot be imposed without clear and express words for that purpose. 15 Am. and Eng. Enc. of Law, p. 1041; *Z. C. M. I.* v. *Hollister,* 3 Utah, 300; *Ogden* v. *McLaughlin,* 5 Utah, 387; *Whiting* v. *West Point* (Va.), 29 Am. St. Rep. 750; *Beaty* v. *Lessee of Knowles,* 4 Pet. 152.

*Mr. E. D. Hoge,* City Attorney, for respondent.

The complaint fails to state a cause of action, as it utterly fails to show any reason for the interposition of a court of equity, conceding that the tax is absolutely void. The allegation relied upon is that the defendant "threatened to enforce the collection thereof (the taxes) if the same are not paid at once by sale of their said property, which would be an irreparable injury to the plaintiffs." This allegation is not a fact, but a conclusion. 1 High on Inj. § 491. The courts hold without exception that a mere sale of property for taxes is not an irreparable injury, and that the party has a complete remedy at law by paying the illegal tax and suing for its recovery back. "And ordinarily an injury is not considered irreparable within the meaning of the rule when the loss complained of may be made good by the payment of money." 1 High on Inj. §§ 28, 29, 30. 2 Comp. Laws 1888, § 3147, provides for suing an officer for money paid under protest. Mr. Cooley says that it is much better to pay the govern-

ment the demands it makes, and if they are wholly or in part illegal to sue for their recovery back. Cooley on Taxation, p. 672. The ordinances are legal. 1 Comp. Laws 1888, p. 621, provides that the city has power to levy and collect taxes for general or special purposes on real estate and personal property, and for lighting, sprinkling and cleansing the streets; and the same, pp. 644–5, provides that the city has power to levy taxes by local assessment for sewerage, paving and other like purposes. The mode and manner of carrying this power into effect is not provided, and therefore left to the city council to provide the manner of carrying out the power granted. The power having been given to provide for sprinkling of streets, § 270 of the Rev. Ordinances gives the power to pass ordinances to provide the manner and details for the exercise of such powers. The principle of special taxation is well settled and is equitable. Beach on Cor. § 1165, and should be reasonably construed. Id. § 1167. Street sprinkling is a public improvement, Beach, § 1189; *State v. Ries*, 38 Minn. 371. Where the power is conferred upon the city to sprinkle streets and no mode provided for raising the money to pay for the same, the power is implied. 2 Dillon, Mun. Cor. §§ 741, 761; *U. S.* v. *New Orleans*, 98 U. S. 393.

MERRITT, C. J.:

This is an action brought by about 400 real-estate owners in Salt Lake City to enjoin the defendant from collecting a sprinkling tax levied by a local assessment on their premises abutting on certain streets of said city. The plaintiffs set out in their complaint certain ordinances of Salt Lake City creating sprinkling districts, and ordinances levying a tax of seven cents per linear or front foot on their property in such districts, for the purpose of paying the expenses of sprinkling the streets; and the plaintiffs

allege that "they are the owners of certain parcels.of real estate abutting on said streets, and that their property has been assessed for the payment of said taxes; that the defendant has demanded payment of the same, and threatens to enforce the collection thereof if the tax is not paid at once, by the sale of their said property, which would be an irreparable injury to the plaintiffs." It is further alleged that said tax is illegal and void, and .that defendant has no authority to collect the same, for the reason that Salt Lake City had no authority to levy taxes, by local assessment, for sprinkling purposes. The defendant demurred to the complaint on the ground that the facts stated were not sufficient to constitute a cause of action. The demurrer was sustained by the court below, and, plaintiffs declining to amend, judgment was entered in favor of defendant, dismissing the complaint of plaintiffs, and from that judgment this appeal is taken.

The position taken on behalf of the city is that the tax is valid, but it is further urged that, whether valid or not, the facts stated in the complaint are not sufficient to entitle plaintiffs to relief by injunction. It is apparent from the complaint that several hundred persons are charged with this tax, and that it is assessed upon numerous pieces of real estate. The sale of this property by the collector would create a cloud upon the title to hundreds of pieces of land, and not only cause irreparable injury to the owners, but would produce a multiplicity of suits. We cannot doubt the power of a court of equity, in such case, to enjoin the collection of the tax, if illegally assessed.

The question to be determined by the court is whether Salt Lake City had the charter power to levy a tax by local assessment for the purpose of paying the expense of sprinkling streets. It is well settled that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power is plainly,

unmistakably conferred. The authority must be given by express words or necessary implication. The legislature has expressly conferred upon the city power "to levy and collect taxes for general or special purposes on real estate and personal property" and "for the lighting, sprinkling and cleansing of streets." 1 Comp. Laws, p. 621. It has also given the city power to levy taxes by local assessment for "sewerage, paving and other like purposes," including street improvements and repairs, waterworks, and gas mains. 1 Comp. Laws, art. 15, pp. 644, 645. But the sprinkling of streets is not included in the enumeration of instances in which local assessments may be levied.

It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the power be plainly and unmistakably conferred. It has, indeed, often been said that it must be specially granted in terms; but all courts agree that the authority must be given, either in express words or by necessary implication, and it cannot be collected by doubtful inferences from other powers, or powers relating to other subjects, nor deduced from any consideration of convenience or advantage. This rule applies to proceedings by municipal corporations under the delegated right of eminent domain, and it extends equally to proceedings under the taxing power, including special assessments for local improvements. 2 Dill. Mun. Corp. §§ 763–765, and notes; *Commissioners* v. *Loague,* 129 U. S. 493, 9 Sup. Ct. 327. It is a well-established rule of construction that where a statute grants a power or right the powers not mentioned in the enumeration are intended to be excluded. Suth. St. Const. § 325. In the language of the supreme court of the United States in the case of *U. S.* v. *Arredondo,* 6 Pet. 725, "*expressio unius est exclusio alterius*" is a universal maxim in the construction of statutes. When the legislature con-

ferred upon Salt Lake City the power to levy taxes by
local assessment for the purposes mentioned in the statute,
it excluded by implication, all other local assessments,
except for like purposes. All the purposes mentioned in
the statute are permanent improvements, and confer
special and peculiar benefits upon the property assessed,
by enhancing its value. This is an essential element in
determining the validity of local assessments.

Mr. Cooley, in his work on Taxation (pages 416, 417),
says: "Special assessments are made .on the assumption
that a portion of the community is to be specially and
pecuniarily benefited, in the enhancement of the value of
property peculiarly situated, as regards a contemplated
expenditure of public funds; and in addition to the gen-
eral levy they demand that special contributions, in con-
sideration of the special benefit, shall be made by persons
receiving it. The justice of demanding the special con-
tribution is supposed to be evident in the fact that the
persons who are to make it, while they are made to bear
the cost of a public work, are at the same time to suffer
no pecuniary loss thereby, their property being increased
in value by the expenditure to an amount at least equal
to the sum they are required to pay. This is the idea
that underlies all these levies." Municipal authorities can-
not levy an assessment for an improvement without express
legislative permission. The power cannot be inferred from
the general welfare clause in the charter, nor from the
ordinary grant of power to levy taxes, nor from the power
to make improvements; and the language of the statute
or charter conferring authority will be strictly construed,
and confined to cases that are clearly and unmistakably
within its scope. The power to make an improvement
does not imply or carry with it the power to levy a spe-
cial assessment upon property benefited to pay for the im-
provement. Such assessments can only be made where the

power to do so is plainly conferred and strictly followed. 2 Beach. Pub. Corp. § 1166, and note; 15 Am. & Eng. Enc. Law, p. 1192.

The legislature has expressly conferred upon the municipality power to divide the city into districts, and levy taxes by local assessment for "sewerage, paving and other like purposes," including street improvement and repairs, waterworks, and gas mains, but street sprinkling is not included in the enumeration of instances in which this power may be exercised. It will not do to say that the words "other like purposes" grant the power, because sprinkling is not a like purpose. It is not a permanent improvement, like sewerage and paving, and it does not confer such special benefit upon the abutting property as the law requires in order to sustain a local assessment. Suth. St. Const. § 270. The sprinkling of streets is not a permanent improvement, like sewerage and paving. It is only useful while the work is continued, and in a few hours the beneficial effects are gone, and the property is worth no more than before the streets were sprinkled. It does not enhance the market value of the abutting property, and therefore the city cannot demand special contribution, by local assessment, to bear the cost of the public work. *City of Chicago* v. *Blair* (Ill. Sup.), 38 N. E. 829. In that case the supreme court of Illinois, in deciding a case where it was sought to levy an assessment upon abutting property for street sprinkling, say, *inter alia:*

"It cannot, we think, in any just sense, be said that street sprinkling is an improvement, within the contemplation of article 9 of the cities and villages act. In the nature of things, the sprinkling is only useful while the work is continued. In a few hours the beneficial effects are gone, and the property is worth no more than before the street was sprinkled. It is insisted, however, that all

improvements—the building of sidewalks, the paving of streets, of however lasting material—are evanescent, and that in a few years, at most, they will necessarily require renewing, and that it will make no difference whether it be water put upon the street, or wood or granite; that all alike are but temporary in character. In a sense, this is true, but not in a practical sense. It is common experience that well-paved streets and convenient and durable sidewalks, furnishing access to property, do in fact enhance its market value. It is, however, insisted that the sprinkling of the streets during the summer months renders the occupation of the adjacent property more enjoyable and comfortable, and that, therefore, the property is enhanced in value. Doubtless, the same result would follow by placing vases at convenient points on the street, to be filled every morning with fresh-cut flowers, or by open-air concerts, in which music should be selected with reference to the taste of the adjacent dwellers. So the employment of an efficient police force, whereby greater safety was felt, would add to the enjoyment and comfort of persons residing upon the street. The proper watering and clipping of the grass upon lawn and terrace, the removal of garbage from the premises, besides saving expense to the occupant, would add to the enjoyment, and possibly the healthfulness, of the locality. These all might be improvements, and increase, while they continued, the desirability of property in that locality; but they are not improvements, either of the property or of the street, within the legislative contemplation when granting power to make local improvements by special assessment. The tendency of municipal government to arrogate to itself power, and to encroach upon the right of the citizens, has led to the establishment of salutary rules of construction, limiting their powers to those expressly granted or arising by reasonable and necessary implication from the grant. It can-

not, we think, be assumed that the legislature intended, by the language employed, to confer power upon the municipality to require work of the class provided for in this ordinance to be done by special assessment, even though it be held to be public work which the municipality is authorized to perform. Such power does not arise by implication from the powers expressly conferred, nor is it essential to the declared objects and purposes of the corporation."

And the following cases are in harmony with the foregoing decision, and fully sustain the principles therein stated. *Hammett* v. *Philadelphia,* 3 Am. Rep. 615; *Washington Avenue,* 8 Am. Rep. 255; *Trumpler* v. *Bemerly,* 39 Cal. 490. We think the tax was levied without authority of law, and is therefore illegal and void. The demurrer should have been overruled, and the injunction granted. The judgment of the lower court is reversed.

MINER, SMITH and BARTCH, JJ., concur.