JAMES H. STARK & another *vs.* CITY OF BOSTON.

Suffolk.    November 20, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Constitutional Law*, Assessments. *Street Watering Assessments*, Remedy.

St. 1899, c. 366, providing for assessments on abutters for street watering in the city of Boston, is constitutional.

The only remedy for an excessive assessment under St. 1899, c. 366, for street watering in Boston is by an application to the board of street commissioners under § 3 of that statute.

CONTRACT for the amount of certain assessments for street watering paid by the plaintiffs under protest. Writ in the Municipal Court of the City of Boston dated November 10, 1900.

On appeal to the Superior Court, the case was tried before *Mason*, C. J., without a jury. The judge found the following

facts: The plaintiffs owned the lots of land named in the declaration. They were situated in outlying districts of the city of Boston, but where the houses were not widely separated. All the lots were unoccupied, although houses had been erected on four of them, the plaintiffs holding them for sale. Assessments for street watering for the year 1900 were laid by the defendant upon all of these lots, in proportion to the linear feet of frontage upon the streets watered, in accordance with St. 1897, c. 419, and St. 1899, c. 366. The assessments were made separately on each lot, and separate bills were presented to the plaintiffs. On October 31, 1900, the plaintiffs paid the assessments under protest. The lots received no benefit from the watering of streets for the year 1900. The plaintiffs paid, voluntarily, the assessment on another lot of land in Boston owned and occupied by them as a residence, for watering the adjacent street during the year 1900, the bill for which was presented separately. The last named lot was not included in the schedule annexed to the declaration.

The defendant requested the judge to rule that, on all the evidence, the plaintiffs could not recover. The judge declined so to rule, and found for the plaintiffs for the amount claimed; and, at the request of the defendant, reported the case for the consideration of this court. If the ruling requested should have been given, judgment was to be entered for the defendant; otherwise judgment was to be entered for the plaintiffs for $68.91, with interest from October 31, 1900.

*P. Nichols,* for the defendant.

*C. W. Cushing,* for the plaintiffs.

KNOWLTON, J. In *Sears* v. *Boston,* 173 Mass. 71, it was held that the St. 1897, c. 419, was constitutional. The assessment for watering the streets in the present case was founded on the St. 1899, c. 366, which in its main features is like the former statute above referred to, although it contains an additional provision giving to every one aggrieved by action under it the right to be heard upon an application for an abatement, and requiring abatement to be made either of the whole or of a part of the charge, if the assessment is improper or excessive. The application may be made to the street commissioners within one month after notice of the charge has been given to the land-

owner. This secures to every one interested a right of a suffi-
cient hearing. *Sears* v. *Street Commissioners*, 173 Mass. 350,
356. *Bauman* v. *Ross*, 167 U. S. 548, 590.

We are also of opinion that this section, taken in connection
with the two sections preceding it, requires that the assessments
shall be founded on special and peculiar benefits only, and shall
be reasonable and proportional. While it is to be assumed that,
under the first section, the board of aldermen in dividing the
city into districts will have regard to the principles of law that
govern such assessments, and will so arrange that the payment
of a specified sum per linear foot will generally be just, there
may be cases that call for a reduction, or for an abatement of
the whole assessment. Section 3 is intended to cover all such
cases, but they are supposed to be few and exceptional. It is,
therefore, not unreasonable that the landowner should be left
to make application in regard to them after notice of the charge
has been given him, and this feature of the statute does not ren-
der it unconstitutional.

This remedy provided for the correction of possible assess-
ments which otherwise would be erroneous, is the only one that
can be availed of under the statute. If no application for an
abatement is made, it is to be assumed that the assessment
under the first and second sections is correct. The landowner
ought not to be permitted, in proceedings for the enforcement
of the assessment, or in a suit to get back the money after it
has been paid, to show that no special or peculiar benefits were
received.

The plaintiffs having failed to apply for an abatement of the
assessment, cannot prevail in this action.

*Judgment for the defendant.*