## CITY OF BUTTE, APPELLANT, *v.* SCHOOL DISTRICT No. 1, RESPONDENT.

(No. 1,755.)

(Submitted December 10, 1903.    Decided January 6, 1904.)

*Schools—Preservation of Fund—Inviolability — Liabilities— Street Sprinkling — Pleading — Presumptions — Taxation —Local Assessments—Basis.*

1.  In an action by a city against a school district to recover a special assessment, against real estate of the school district situate in the city, to pay the cost of street sprinkling, where the complaint was silent on the subject, it will be presumed that the sprinkling done was the ordinary street sprinkling, and that the property assessed was used for educational purposes.
2.  The only basis on which special taxation or special assessments can be sustained is that the property subject to assessment or taxation will be enhanced in value to the extent of the burden imposed.
3.  Constitution, Article XI, Section 3, provides what shall constitute the school fund, and further provides that it shall forever remain inviolate. By constitutional and legislative provisions, money raised by taxation for school purposes becomes a part of the school fund of the district within which it is raised, and the district trustees are, by Political Code, Section 1943, personally liable if they sanction the expenditure of the fund for any other than educational purposes, although a part of the fund may be expended for purposes of building and improvement.  *Held,* that school district property cannot be specially assessed to pay the cost of sprinkling the streets on which it abuts.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by the city of Butte against School District No. 1. From a judgment for defendant, plaintiff appeals.  Affirmed.

*Mr. Edwin M. Lamb, Mr. John Templeman,* and *Mr. H. A. Bolinger,* for Appellant.

A special assessment is not a tax, and Section 2 of Article XII of the Constitution, exempting school property from taxation, does not apply to special assessments.    (Elliott on Roads and Streets, Sec. 549; *Ford* v. *Delta & Pine L. Co.,* 164 U. S. 662; *Illinois C. R. Co.* v. *Decatur,* 147 U. S. 190; *West Wis. R. Co.* v. *Trempeleau Co. S.,* 93 U. S. 598; *Trustees P. A.* v. *Andover,* 175 Mass. 118; *Boston Seamen's Soc.* v. *Mayor, etc.,* 116 Mass. 181; Dillon's Mun. Corp. (4th Ed.), Secs. 776, 777; Cooley on Taxation, pp. 146, 147; *Adams County* v. *Quincey,* 130 Ill. 566, 6 L. R. A. 155; *Worner* v. *New Orleans,* 85 Fed. 645; *Board of Com'rs* v. *Ottawa,* 49 Kan. 747, 31 Pac. 788; *St. Louis Public Schools* v. *St. Louis,* 26 Mo. 466; *McLean County* v. *Bloomington,* 106 Ill. 209; *Illinois C. R. Co.* v. *Decatur,* 126 Ill. 209, 1 L. R. A. 613; *Sears* v. *Boston,* 173 Mass. 71; *State ex rel. Stateler* v. *Reis,* 38 Minn. 371; *Reinken* v. *Fuchring,* 130 Ind. 382.)

In the absence of such special assessment becoming a lien upon said property, can a municipal corporation recover judgment against a school district for the amount of said special assessment, to the extent that its property has been specially benefited, in an action at law, to be enforced as other judgments against a school district?    Most of the cases heretofore cited in this brief are authority for answering this in the affirmative, for in deciding that there is a liability, they imply that there is a way of enforcing that liability.    Courts do not render useless judgments.    (*Kansas City, etc. R. Co.* v. *Board of Water Works Imp. Dist. No. 1* (Ark.), 5 Mun. Corp. Cas. 22; *Mt. Vernon* v. *People,* 147 Ill. 359; *Taylor* v. *People,* 66 Ill. 322; *Olney* v. *Harvey,* 50 Ill. 453; *People* v. *Clark County Supervisors,* 50 Ill. 213.)

*Mr. Peter Breen,* and *Mr. Alexander Mackel,* for Respondent.

Cited: Constitution of Montana, Art. X, Sec. 1; Art. II, Secs. 1, 2, 3, 6; Art. XII, Sec. 2; Political Code, Secs. 3671, 4800; Sec. 1 of Ordinance No. 449 of the Ordinances of the City of Butte; Secs. 27, 30, House Bill No. 204, Sess. Laws of 1897, page 218; Cooley on Taxation, 2d Ed., p. 172; *Board of Improvement* v. *School Dist.,* 16 L. R. A. 418; *People* v. *Trustees of Schools,* 7 N. E. 262; *People* v. *Austin,* 47 Cal. 353; *City of Mt. Vernon* v. *People,* 23 L. R. A. 807; *Inhabitants* v. *Mayor,* 17 Am. Rep. 159; Political Code, Sec. 1943; *City* v. *Board of Education,* 26 N. W. 403; *City of Louisville* v. *Leatherman et al.,* 35 S. W. 625; *Knox Co.* v. *Hunolt,* 19 S. W. 628; *Jay* v. *School Dist. No. 1,* 24 Mont. 219; *Chicago* v. *Blair,* 24 L. R. A. 412.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This action was instituted by plaintiff for the purpose of recovering from the defendant district an amount claimed to be due plaintiff as a special assessment against the property of the defendant to pay the cost of sprinkling certain streets along and in front of the real property owned by defendant. A general demurrer was filed to the complaint, which was sustained. Judgment was entered for the defendant dismissing the action. This appeal is from the judgment.

It appears that the defendant district owns certain real estate in the city of Butte, that sprinkling districts were created by the city, and the streets on which the defendant's property abuts were sprinkled during the year 1900. It is alleged in the complaint that the property of defendant was specifically benefited by the sprinkling of the streets, but it does not appear that such property received any benefit therefrom beyond that of other property in the city. Nor does it appear that the sprinkling done was any more than the ordinary street sprinkling. The ordinances and resolutions contained in the record indicate the contrary. The complaint alleges that the defendant is the owner of this property, but it is silent as to whether the

property is used for school purposes. In the absence of a showing to the contrary, it is presumed that the sprinkling done was the ordinary street sprinkling, and that the property of the school district was and is used for educational purposes. (*Witter* v. *Mission School District,* 121 Cal. 350, 53 Pac. 905, 66 Am. St. Rep. 33.)

It is claimed by appellant that the court erred in sustaining the demurrer to the complaint and in entering judgment of dismissal of plaintiff's action. The appellant contends that this is a local improvement, and that the constitution and statutory exemptions from taxation of property used for educational purposes do not apply, and that an assessment may be made against this property to assist in defraying the expenses of such improvements. The distinction between improvements and incidental expenses necessary to the preservation of school property and the maintenance of the school must be kept in mind.

A local improvement, within the meaning of the law, is an improvement which, by reason of its being confined to a locality, enhances the value of property situated within the particular district, as distinguished from benefits diffused by it throughout the municipality. The only basis on which special taxation or special assessments can be sustained is that the property subject to the assessments or taxation will be enhanced in value by such improvements to the extent of the burden imposed. (*City of Chicago* v. *Blair,* 149 Ill. 310, 36 N. E. 829, 24 L. R. A. 412; Cooley on Taxation (3d Ed.), Vol. 2, p. 113.)

The value of private property, whether held for occupancy, rentals or speculation, is enhanced by public improvements, if enhanced at all, upon a pecuniary valuation. The fact that the improvements render the private property more desirable or more profitable is not considered, except for the purpose of determining the increase in money value. School property stands on a different footing from that of private property, and is used for a different purpose. It is not held for speculation, rentals or private occupancy; is not subject to barter or sale, within the ordinary meaning of these terms; its intrinsic worth

is its value for educational purposes; it is not affected by market fluctuations. Its money value is immaterial; its true worth is its effectiveness for educational purposes.

The constitution provides that the state shall establish and maintain free public schools, and in performing this duty it exercises a function strictly public and governmental. School districts are created in pursuance of constitutional and legislative commands, and there is imposed upon them in part this governmental function, and in order properly to discharge it such districts are permitted to hold school property. They have no other duty except to perform for the state this public function, and they are permitted to hold property only that they may perform it. The Constitution provides what shall constitute the school fund, and further provides (Article XI, Sec. 3) that this "fund shall forever remain inviolate." By constitutional authority and legislative provisions, a part of the money used and distributed by school districts is raised by taxing property within the districts; but this money, when raised by the district, becomes a part of the school fund of such district, and is held subject to the same restrictions that apply to the distributive share of the general school fund. This fund is intrusted to the school districts, to be expended by them for the purposes for which it was created, *i. e.,* for educational, and no other purposes. The trustees of the district are held liable if they sanction the expenditure of any part of this fund for any other purpose. (Section 1943, Political Code.) The section last cited authorizes, under certain conditions and restrictions, an expenditure by the district of a part of the school fund received by it "for purposes of building and improvement." This improvement, however, must be of such character as to enhance materially the value and effectiveness of the school property for the purposes for which it is held. That which partakes of the nature of a luxury—is ephemeral in duration and evanescent in character—lasts but a single day and then disappears, and leaves the property in the same condition it was before, is not such an improvement as justifies

the expenditure of a school fund, which, the constitution says, "shall forever remain inviolate."

In *State* v. *Reis,* 38 Minn. 371, 38 N. W. 97, cited by appellant, it is held that street sprinkling renders the property (which in that case was private property) more attractive and valuable, and that durability is not necessarily considered in determining what constitutes an improvement, for the reason that no improvement can be eternal in duration, and that all improvements must therefore be regarded as temporary. There may be force in this reasoning, regarded as a theory, when applied to private property. It may also be true in a sense as applied to property held for the purpose of "a free common school," but it is not true in a practical sense. As was said in *Chicago* v. *Blair, supra,* vases of flowers, or music, would also serve to make the school room more attractive, but such things cannot be called improvements, at least without a special showing under specific pleadings, and a granite structure is practically eternal in duration as compared with the time water will remain when sprinkled upon a dusty street. In an attenuated sense, sprinkling may be a protection to the school building, if dust blowing against it is any injury, but it is no more of a protection than the police regulation which guards the property from vandals, and gives the alarm in case of fire, nor is it any more of a protection than the department that responds to the call of fire and saves the property from destruction. It surely cannot be maintained that, in the absence of a positive statute, the property of a school district situated within a city would be subject to a special tax or assessment levied for the purpose os assisting the city to defray the expenses of maintaining the police or fire department.

This discussion brings us to the conclusion that school property is not materially enhanced in value for educational purposes by the ordinary street sprinkling, nor the cause of education sufficiently benefited thereby to justify the invasion of a fund which must be held inviolate and used for educational purposes only. Whether the defendant would be liable if its property were

materially benefited by sidewalks or other improvements permanent in character is not here decided.

The following cases are cited as sustaining the view that the defendant is not liable for this assessment or special tax, though they do not all place the nonliability upon the ground here expressed: *Chicago* v. *Blair, supra; Board of Improvement* v. *School District,* 56 Ark. 354, 19 S. W. 969, 16 L. R. A. 418, 35 Am. St. Rep. 108; *Witter* v. *Mission School District, supra; City of Louisville* v. *Leatherman,* 99 Ky. 213, 35 S. W. 625; *Board of Education* v. *City of Toledo,* 48 Ohio St. 87, 26 N. E. 404; *People* v. *Trustees of Schools,* 118 Ill. 52, 7 N. E. 262; *Pettit* v. *Duke,* 10 Utah, 311, 37 Pac. 568. We also cite Cooley on Taxation (3d Ed.), p. 1153; *Whiteside* v. *School District No. 5,* 20 Mont. 44, 49 Pac. 445.

It is unnecessary to consider at this time the other questions raised on this appeal relative to the construction of the constitutional and statutory provisions on the question of exemption.

We recommend that the judgment appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment appealed from is affirmed.

