[No. 1686, February 12, 1915.]
[Rehearing Denied March 10, 1915.]

## CITY OF ROSWELL v. BATEMAN.

### SYLLABUS BY THE COURT.

1. Upon a motion made for a cost bond, under the provisions of section 2892, Comp. Laws 1897, it is discretionary with the court as to whether plaintiff shall be ruled by give such bond.

P. 83

2. Where the rights of a city under a claim of lien had become fixed at the time the provisions of the Constitution became effective and in force, its rights would not be affected because the law, under which its right to the lien accrued, might conflict with the Constitution, as such rights were preserved by section 4, art. 22, of the Constitution.

P. 83

City of Roswell v. Bateman, 20 N. M. 77

3. An assessment for a local improvement, levied under the "front foot rule," instead of according to benefits accruing to the property assessed, does not violate the fourteenth amendment to the Constitution of the United States.

P. 84

4. The authority to require the property specially benefited to bear the expense of a local improvement is a branch of the taxing power, or included within it, and the question as to whether the expense of making such improvement shall be paid out of the general treasury, or to be assessed upon the abutting or other property specially benefited, and if in the latter mode, whether the assessment shall be upon all the property found to be benefited, or alone upon the abutters, according to frontage or according to the area of their lots, is a question of legislative expediency.

P. 84

5. Where an assessment levied for a street improvement can only be enforced by the filing of a notice of lien, and foreclosing the same in the same manner that mortgages on real estate are foreclosed, and as such foreclosure can only be had upon notice to the property owner, there is no taking of property without due process of law, although neither the statute nor ordinance adopted in pursuance thereof makes provision for notice to the owner of property of the levying of assessments for street improvements.

P. 87

6. Where the Legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature.

P. 90

City of Roswell v. Bateman, 20 N. M. 77

7.  The  sprinkling  of  streets  is  such  an  "improvement"
as  will  support  a  special  assessment.

P. 91

Appeal  from  District  Court,  Chaves  County;  John  T.
McClure,  Judge.

Action  by  the  City  of  Roswell  against  U.  S.  Bateman.
From  judgment  for  plaintiff,  defendant  appeals.    Af-
firmed.

U.  S.  BATEMAN,  pro  se,  of  Roswell,  for  appellant.

The 'word  "may,"  as  used  in  section  2892,  C.  L.  1897,
means  "must"  or  "shall."
In  re  McCort,  34 ·Pac.  (Kan.)  456.

The  assessment  being  levied  by  the  front  foot  rather
than  for  benefits  received,  is  in  contravention  of  the  four-
teenth  amendment  of  the  Constitution  of  the  United
States.
Norwood v. Baker, 172 U. S. 269; McCormack v. Patch-
in, 53 Mo. 33; 1 Abb. Mun. Corps. 806; 28 Cyc. 1102;
State v. Mayor, 5 Atl. (N. J.) 896; Bowles v. Biddinger
F. T. Co., 6 Oh. Dec. 871; White v. Grove, 67 N. E.
(Mass.) 359; Corcoran v. Cambridge, 199 Mass. 5; Hutch-
eson v. Storrie, 51 S. E. (Tex.) 848; Londoner v. Den-
ver, 52 Law Ed. 1112.

If  the  State  Constitution  is  in  conflict  with  the  terri-
torial  law  (Constitution  and  laws  of  U.  S.),  the  ordin-
ance  became  eo  instanti  void.
Martin v. City of Oskaloosa, 99 N. W. 559.

The  ordinance  is  unreasonable.
. McQuillan Municipal Ordinances, sec. 183; State v.
Trenton, 20 Atl. 1077; 28 Cyc. 370; Tony v. Mayor of
Macon, 46 S. E. (Ga.) 82; City of Chicago v. Brown, 69
N. E. ((Ill.) 66; Robinson v. People, 42 N. E. (Ill.)

375; Champer v. Greencastle, 46 Am. St. R. (Ind.) 399; People v. Armstrong, 16 Am. St. R. (Mich.) 581; City of Tarkio v. Cook, 41 Am. St. R. (Mo.) 681; State v. Birch, 85 S. W. (Mo.) 365; Ex parte Vance, 62 S. W. (Tex.) 569; Chicago & A. Ry. Co. v. City of Carlinville, 65 N. E. (Ill.) 732.

Sprinkling is not such an improvement as will support a special assessment.

Kansas City v. O'Connor, 82 Mo. App. 660; Owens-boro v. Sweeney, 111 S. W. (Ky.) 364; Chicago v. Blair, 149 Ill. 310; N. Y. L. Ins. Co. v. Prest, 71 Fed. 815; McCormack v. Henderson, 111 S. E. (Ky.) 368; Stevens v. Port Huron, 149 Mich. 536; Pettit v. Duke, 10 Utah, 311; City of Butte v. School Dist., 74 Pac. (Mont.) 869.

JAMES M. DOW, of Roswell, for appellee.

Section 2892, C. L. 1897, vests in the court a discretion to either grant or deny a motion for a cost bond. Pilant v. Hirsch & Co., 14 N. M. 11.

It is not necessary to the validity of an assessment that the benefit equals or exceeds the assessment. Irrigation Dist. v. Bradley, 164 U. S. 112; L. & N. Ry. Co. v. Paving Co., 25 S. C. 466.

The act of the city council is unassailable in the courts. Cooley on Taxation, 1217-1218-1219; Parsons v. Dist. Col., 170 U. S. 45; Northern Pac. Ry. Co. v. Seattle, 91 Pac. 244; 28 Cyc. 773, 1103.

The ordinance is reasonable and not open to objection made by appellant. Coal-Float v. Jefferson, 13 N. E. (Ind.) 115; Baldridge v. Morgan, 106 Pac. (N. M.) 342; 28 Cyc. 368; Dillon on Municipal Corps. (4th Ed.) 405.

It is sufficient if, at any time before the property is subjected to the tax, the tax payer has notice and hearing.

Hagar v. Reclamation Dist., 101 U. S. 701; Trust Co.
v. Lexington, 203 U. S. 322; Page & Jones on Taxation
by Assessment, secs. 125, 132; McQuillan Munic. Ords.,
sec. 522; Sears v. St. Commrs., 53 N. E. (Mass.) 876.

The method of apportionment of expense for sprinkling
is not invalid.

Reinken v. Fuehring, 30 N. E. (Ind.) 414; Sears v.
Boston, 53 N. E. (Mass.) 138; 24 L. R. A. 412 and notes;
Stark v. Boston, 10 Mass. 293; Tifft v. Buffalo, 7 N. Y.
S. 633.

The legislative determination is not subject to review,
in the absence of constitutional restrictions.

Paige & Jones Taxation by Assess., sec. 292; Carson v.
Brocton Sew. Commission, 182 U. S. 398; Williams v.
Eggleston, 170 U. S. 304.

### OPINION OF THE COURT.

ROBERTS, C. J.—Sections 1 and 2 of chapter 116,
S. L. 1903, reads as follows:

'   "Section 1.   That whenever the city council of
any city in the territory of New Mexico shall de-
termine that the streets within its limits, or cer-
tain streets, or parts of streets, shall be watered
in whole or in part at the expense of the owners
of property abutting on such streets or parts
thereof, such city council shall estimate and de-
termine the expense of watering such streets or
portions of streets, and the proportion of such
expense to be borne by such owners of abutting
property, and the rate to be assessed against
each lineal foot of frontage of such abutting
property, and thereupon shall proceed to assess,
and shall assess, against each lot or parcel of
land so abutting upon such street or portion
thereof its proportionate share of such expense
according to its frontage.

"Sec. 2.   That the amount so assessed against
each of such lots and parcels of land so abutting

upon such street or part thereof, shall constitute
and be a lien upon the same, and such amount
shall be collected and such lien enforced in the
same manner and by the same proceeding as pro-
vided by law for the enforcement of liens issued
for other classes of street improvement."

Under and pursuant to this act, the city council of Ros-
well, N. M., enacted ordinance No. 219, which was an or-
dinance providing for the sprinkling of streets and as-
sessing the cost thereof against abutting property owners.
Section 1 of said ordinance reads as follows:

"It is hereby determined by the city council of
the city of Roswell that the hereinafter mention-
ed streets and avenues,, and parts of streets and
avenues of the city of Roswell, shall be watered,
in whole, at the expense of the owners of prop-
erty abutting on such streets and avenues and
parts thereof."

Section 2 describes the streets and parts of streets in-
cluded within the sprinkling district. Section 3 deter-
mines and estimates the expense of watering certain
named streets, running north and south, to be 12 cents
per lineal foot of frontage of abutting property on such
streets, and 3 cents per lineal foot on named streets run-
ning from east to west. Section 4 assesses such estimated
expense upon the lots abutting upon the named streets.
Section 5 makes it the duty of each lot owner, within the
district created, to pay to the city clerk of such city, on
or before the 1st day of August of each year, the amount
so assessed against his said lot or lots. Section 6 makes
the amount so assessed a lien upon the real estate, and
provides that upon failure to pay the amount so assessed,
within the time limited, the city clerk shall file in the
office of the probate clerk and ex officio recorder of the
county a claim of lien. Section 7 provides for the fore-
closure of such lien "in the manner now provided for the
foreclosure of mortgages on real estate." Section 8 pro-
vides for the allowance of reasonable attorney's fee, upon
such foreclosure. Section 11 provides that the funds de-
rived under the ordinances shall be covered into a special

fund to be known as the "Sprinkling Fund," and that the fund shall not be used for any other purpose than the payment of the expenses incident to the sprinkling of the streets within such district.

Appellant is the owner of certain unimproved lots, within the district so created by the aforesaid ordinance. He failed to pay the assessment so levied upon his said lots, whereupon the clerk prepared and filed, pursuant to said ordinance, a notice of lien upon said real estate for the sum of $52.20. This action was instituted in the court below to foreclose such lien, and from the judgment therein rendered, foreclosing the same, appellant prosecutes this appeal.

Eighty-three claimed errors are assigned, but many of them are not discussed by appellant in his brief, and those not argued in the briefs will, of course, not be considered. Riverside Co. v. Hardwick, 16 N. M. 479, 120 Pac. 323.

[1]. The first error discussed is that the court erred in refusing to grant the defendant's motion for cost bond. This point is disposed of by the case of Pilant v. Hirsch & Co., 14 N. M. 11, 88 Pac. 1129, adversely to appellant's contention. Upon a motion made for a cost bond, under the provisions of section 2892, C. L. 1897, it is discretionary with the court as to whether plaintiff shall be ruled to give such bond.

[2] It is difficult to determine the exact points presented by appellant in his brief, as he has failed to state the same. From the argument advanced, we assume that he next challenges the validity of an assessment levied by the front foot instead of according to benefit, as being in contravention of the fourteenth amendment to the Constitution of the United States. He likewise argues that the statute and ordinance enacted thereunder are in conflict with the Constitution of the state of New Mexico, and being so in conflict they become eo instanti void upon the incoming of statehood. This proposition may be disposed of in a few words. The rights of the city under this lien claim had accrued and become fixed at the time New Mexico became a state. This being true, such right would

not be affected by the Constitution. By section 4, article 22 of the Constitution, it was provided that:

> "All rights, actions, claims, contracts, liabilities and obligations, shall continue and remain unaffected by the change in the form of government."

[3, 4] This being true, we are only required to determine whether an assessment for a local improvement, levied under the "front foot rule" instead of according to benefits accruing to the property assessed, violates the fourteenth amendment of the Constitution of the United States. It is true some of the courts so hold. Peay v. Little Rock, 32 Ark. 31; State v. Robert D. Lewis Co., 82 Minn. 390, 85 N. W. 207, 86 N. W. 611, 53 L. R. A. 421; Taylor v. Chandler, 9 Heisk. (Tenn.) 349, 24 Am. Rep. 308. And the case of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, seemingly announces the same doctrine. If this latter case so holds, it has been so often distinguishes and construed by the United States Supreme Court that it can no longer be said to be controlling. In the case of French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879, wherein a large number of authorities were discussed, it was held that an assessment by the front foot for paving a street was valid. The court said:

> "The courts are very generally agreed that the authority to require the property specially benefited to bear the expense of local improvements is a branch of the taxing power, or included with it. * * * Whether the expense of making such improvements shall be paid out of the general treasury, or be assessed upon the abutting or other property specially benefited, and, if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abutters, according to frontage or according to the area of their lots, is according to the present weight of authority considered to be a question of legislative expediency. Dillon's Mun. Corp. (4th Ed.) vol. 2, § 752. This array

of authority was confronted, in the courts below, with the decision of this court in the case of Norwood v. Baker, 172 U. S. 269 [19 Sup. Ct. 187, 43 L. Ed. 443], which was claimed to overrule our previous cases, and to establish the principle that the cost of a local improvement cannot be assessed against abutting property according to frontage, unless the law, under which the improvement is made, provides for a preliminary hearing as to the benefits to be derived by the property to be assessed. But we agree with the Supreme Court of Missouri in its view that such is not the necessary legal import of the decision of Norwood v. Baker. That was a case where by a village ordinance, apparently aimed at a single person, a portion of whose property was condemned for a street, the entire cost of opening the street, including not only the full amount paid for the strip condemned, but the costs and expenses of the condemnation proceedings, was thrown upon the abutting property of the person whose land was condemned. This appeared, both to the court below and to a majority of the judges of this court, to be an abuse of the law, an act of confiscation, and not a valid exercise of the taxing power. This court, however, did not affirm the decree of the trial court awarding a perpetual injunction against the making and collection of any special assessments upon Mrs. Baker's property, but said: 'It should be observed that the decree did not relieve the abutting property from liability for such amount as could be properly assessed against it. Its legal effect, as we now adjudge, was only to prevent the enforcement of the particular assessment in question. It left the village, in its discretion, to take such steps as were within its powers to take, either under existing statutes or under any authority that might thereafter be conferred upon it, to make a new assessment upon the plaintiff's abut-

ting property for so much of the expense of the
opening of the street as was found upon due and
proper inquiry to be equal to the special benefits
accruing to the property.  By the decree render-
ed the court avoided the performance of func-
tions appertaining to an assessing tribunal or
body, and left the subject under the control of
the local authorities designated by the state.  That
this decision did not go to the extent claimed by
the plaintiff in error in this case is evident, be-
cause in the opinion of the majority it is express-
ly said that the decision was not inconsistent
with our decisions in Parsons v. District of Col-
umbia, 170 U. S. 45, 56 [18 Sup. Ct. 521, 42
L. Ed. 943], and Spencer v. Merchant, 125 U.
S. 345, 357 [8 Sup. Ct. 921, 31 L. Ed. 763].”

The validity of the "front foot rule" of assessments was
also sustained by that court in the cases of Town of Tona-
wanda v. Lyon, 181 U. S. 389, 21 Sup. Ct. 609, 45 L. Ed.
908, and Wight v. Davidson, 181 U. S. 371, 21 Sup. Ct.
616, 45 L. Ed. 900.  In the case of Webster v. Fargo, 181
U. S. 394, 21 Sup. Ct. 623, 45 L. Ed. 912, the court said:

"But we agree with the Supreme Court of
North Dakota, in holding that it is within the
power of the Legislature of the state to create
special taxing districts, and to charge the cost of
a local improvement, in whole or in part, upon
the property in said district, either according to
the valuation, or superficial area or frontage, and
that it was not the intention of this court, in Nor-
wood v. Baker, to hold otherwise."

That the same rule prevails in most of the state courts
is shown by the note to the case of Heavner v. Elkins,
Ann. Cas. 1913A, 653.  But independent of the decisions
of the state courts, the above-cited cases,, decided by the
United States Supreme Court, must be accepted as con-
trolling authority in this case, construing, as they do, the
provision of the federal Constitution, upon which appel-
lant relies for a reversal.

Judge Dillon says (Dillon's Municipal Corporations [5th Ed.] § 143):

"It is conclusively settled by the decisions of the Supreme Court of the United States that the fourteenth amendment to the federal Constitution does not require that assessments for local improvements shall be levied according to benefits or not in excess of benefits. The case of Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616, is the leading one on this subject, and its doctrines have been repeatedly reaffirmed by the Supreme Court, and they stand as the no longer questioned law of the court down to this present."

Appellant concedes that the question of benefits cannot be inquired into, and cites as sustaining the proposition, among others, the case of Northern Pacific Ry. Co. v. City of Seattle, 46 Wash. 674, 91 Pac. 244, 12 L. R. A. (N. S.) 121, 123 Am. St. Rep. 955, wherein the court said:

"The ordinance creating the district, and directing an assessment upon all abutting property according to frontage, was legislative determination by the city council that all abutting property within such district will be benefited. With perhaps occasional exceptions involving fraudulent or arbitrary action, such legislative determination does not become the subject of review by the courts, but is final."

[5] This doctrine is probably advanced to support appellant's theory that the assessment by the front foot rule is violative of his constitutional right to due process of law, in that he is entitled to notice and an opportunity to be heard on the question of benefits, and that the tax can be laid only on the basis of actual benefit received. But, as we have shown, the Supreme Court of the United States has held that the fourteenth amendment does not require that assessments for local improvements shall be levied according to benefits, or not in excess of benefits. This being true, we can but conclude that the statute and ordi-

nance in question do not violate the fourteenth amendment, by providing for the assessment of the cost of sprinkling the streets according to the frontage of the lots bordering upon the streets within the district.

The question of notice is settled, by a decision of the United States Supreme Court, adversely to appellant. In the case of Hagar v. Reclamation District No. 108, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569, the court, after quoting from the case of Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616, said:

> "This decision covers the cases at bar. The assessment under consideration could, by the law of California, be enforced only by legal proceedings, and in them any defense going either to its validity or amount could be pleaded. In ordinary taxation, assessments, if not altered by a board of revision, or of equalization, stand good, and the tax levied may be collected by a sale of the delinquent's property; but assessments in California, for the purpose of reclaiming over-flowed and swamp lands, can be enforced only by suits, and, of course, to their validity it is essential that notice be given to the taxpayer and opportunity be afforded him to be heard respecting the assessment. In them he may set forth by way of defense,, all his grievances. Reclamation District No. 108 v. Evans, 61 Cal. 104. If property taken upon an assessment, which can only be enforced in this way, be not taken by due process of law, then, as said by Mr. Justice Miller, in the New Orleans case, these words as used in the Constitution can have no definite meaning. The numerous decisions cited by counsel, some of which are given in the note, as to the necessity of notice and of an opportunity of being heard, are all satisfied where a hearing in court is thus allowed."

The assessments levied under this statute and the ordinance enacted thereunder could only be enforced by a suit to foreclose the lien created thereby. This being true,

City of Roswell v. Bateman, 20 N. M. 77

a party against whom such an assessment was sought to be enforced would necessarily be required to be brought into court by legal process, and, in the action to foreclose the lien against his property, he would have that "due process of law" guaranteed to him by the Constitution of the United States.

The same question here raised was before the Supreme Court of Indiana in the case of Garvin v. Daussman et al., 114 Ind. 429, 16 N. E. 826, 5 Am. St. Rep. 637. The holding of the court is summarized in the syllabus, as follows:

> "Although neither the special charter of the city of Evansville, nor the ordinance adopted in pursuance thereof, makes provision for notice to the owners of property of the levying of assessments for street improvements, yet where the ordinance provides that the assessment shall be callected by the enforcement of the lien in the same manner that mortgages are foreclosed, and as such proceedings can only be taken in pursuance of notice, and property owner is afforded an opportunity to question the validity of the assessment, the ordinance is valid."

See, also, to the same effect, Law v. Johnston, 118 Ind. 261, 20 N. E. 745; McEneney v. Town of Sullivan, 125 Ind. 407, 25 N. E. 540.

In the case of King v. Portland, 38 Or. 402, 63 Pac. 2, 55 L. R. A. 812, the court said:

> "The manner of notice and the specific period of time in the proceedings, when he may be heard are not very material, so that reasonable opportunity is afforded before he has been deprived of his property, or the lien thereon is irrevocably fixed. So it has been held that it is sufficient if the party is accorded the right of appeal or to be heard upon an application for abatement (see Towns v. Klamath Co., 33 Or. 225, 53 Pac. 604; Weed v. City of Boston, 172 Mass. 28, 51 N. E. 204, 42 L. R. A. 642), or the assessment is to be enforced by a suit to which he is to

be made a party (Hagar v. Reclamation Dist.
111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569;
Walston v. Nevin, 128 U. S. 578, 9 Sup. Ct. 192,
32 L. Ed. 544), or the right of injunction
against collection is accorded, by which the valid-
ity of the assessment may be judicially determin-
ed (McMillen v. Anderson, 95 U. S. 37, 24 L. Ed.
335). In such case he cannot be heard to com-
plain that his property is being taken without
due process of law."

The above cases conclusively show that the statute and
ordinance in question are not invalid as an attempt to
take property without due process of law.

[6] Appellant next discusses the question as to when
an ordinance will be held unreasonable by the courts. The
rule is well settled that:

"Where the Legislature, in terms, confers upon
a municipal corporation the power to pass or-
dinances of a specified and defined character, if
the power thus delegated be not in conflict with
the Constitution, an ordinance passed pursuant
thereto cannot be impeached as invalid because
it will have been regarded as unreasonable if it
had been passed under the incidental power of
the corporation, or under a grant of power gen-
eral in its nature. In other words, what the Leg-
islature distinctly says may be done cannot be
set aside by the courts because they may deem it
to be unreasonable or against sound policy. But
where the power to legislate on a given subject is
conferred, then the ordinance passed in pursu-
ance thereof must be a reasonable exercise of the
power or it will be pronounced invalid." Dillon,
Munic. Corp. (5th Ed.) § 600.

The power to pass the ordinance in question in this
case was conferred by the act of 1903 (quoted supra). The
act authorized the creating of a sprinkling district, and
the assessment of the cost on the property abutting on the
streets according to the frontage, and made the charge a
lien on the property. The ordinance is within the spe-

cific power conferred. This being true, it cannot be set aside by the courts because they might deem it unreasonable or against sound policy.

[7] Appellant's last contention is that sprinkling of streets is not such an improvement as will support a special assessment. Upon this question the decided cases are not numerous, and what decisions there are seem to be more or less in conflict. The question is an open one in this jurisdiction.

The leading case upholding such special assessment is the case of State v. Reis, 38 Minn. 371, 38 N. W. 97, in which the facts involved were squarely in point with those of the case at bar. The court in that case, without dissent, held that street sprinkling is a local improvement within the meaning of the section of the Minnesota Constitution requiring a local improvement as the basis for special assessments. Taking up the question of alleged lack of permanence urged against the assessment by the property owner, the court said:

> "The relator's main contention, however, is that street sprinkling is not an 'improvement' within the meaning of this section of the Constitution, because it lacks the element of permanence; that its results are transient; that, to constitute an improvement, there must be some work or structure, such as a pavement, sidewalk, or the like, that will remain after the labor is performed, and permanently enhance the value of the property. But, if permanence or durability is to be the test, how long must the beneficial results last in order to constitute an improvement? It certainly will not be claimed that the work must be eternal in duration, or imperishable in character. We are unable to see any difference in principle between the work of street sprinkling, the results of which, unless repeated, last but a day, and the construction of a block pavement or wooden sidewalk, which wears out or decays, and has to be rebuilt every few years. When the pavement or sidewalk has worn out, the fu-

ture value of the property is not enhanced by it,
any more than it is by street sprinkling when
that ceases."

The sprinkling for which the assessment has been made
by the city of Roswell is not any one particular applica-
tion of water to the surface of the street, but the contin-
ual watering a certain number of times per day of the
streets.    The evidence clearly shows that the continual
application of water to the surface of the streets is in-
tended to be effected by the ordinance, and as it has, as a
matter of fact, been effected, results in an improvement to
the property abutting upon such streets in many different
ways.    The laying of the dust, the consequent solidifica-
tion of the roadbed, the tendency to preserve in a most
serviceable condition the surface of the road, are all ex-
cellent examples of the actual fact of the improve-
ment as well as of the benefits which the abutting
property owner enjoys separately and apart from the
benefit enjoyed by the public at large.    These are,
in addition to the other benefits, local in their na-
ture, which are enjoyed by the abutting owner, instan-
ces of which are the enhancement of the value of the
property by reason of the improvement and the preserva-
tion·of the street; the enhancement in rental value of the
property, occasioned by reason of the neighborhood being
made more livable and comfortable; and the direct en-
hancement of the value of the property itself from the
fact that the rental value thereof has been raised.

As is shown by the testimony, the streets within this
district, prior to continuous sprinkling thereof under the
ordinance in question, were almost impassable on account
of the dust which lay thereon in large quantities; and the
evidence also shows that since the sprinkling ordinance
was passed, and since the water has been regularly applied
to the surface of the streets, the streets are in an excel-
lent condition, and that, as long as such sprinkling is car-
ried on, this condition of the streets will be preserved.

The testimony also shows that the sprinkling of the
streets has a tendency to, and does, minimize to a large
extent the prevalence of contagious diseases in the district

where the sprinkling is carried on. These matters of themselves show that the analogy advanced by the court in the case last cited is sound. The court in that case proceeds:

> "It is not the agency used, or its comparative durability, but the result accomplished, which must determine whether a work is an improvement in the sense in which that word is here used. The only essential elements of a 'local improvement' are those which the term itself implies, viz., that it shall benefit the property on which the cost is assessed in a manner local in its nature, and not enjoyed by property generally in the city. If it does this—rendering the property more attractive and comfortable, and hence more valuable for use—then it is an improvement."

Taking up the second and last question urged by the property owner, the court in the Minnesota case held that inasmuch as the act authorizing the municipality to make such special assessment did not require the entire cost of the sprinkling of all the streets in the city to be included in one common assessment and apportionment pro rata upon lineal feet of all the property fronting upon all the streets sprinkled, without regard to the fact that one street might be wider than the other, or so situated that sprinkling would cost much more or much less than on other streets, that the method of apportionment of such expense, which was the same as that employed by the city of Roswell in this case, was not invalid.

The case of Reinken v. Fuehring, 130 Ind. 382, 30 N. E. 414, 15 L. R. A. 624, 30 Am. St. Rep. 247, which involved the question of the validity of the ordinance providing for the sweeping and sprinkling of streets, and for the levying of special assessment against the abutting property to pay therefor, lays down the same rule enunciated by the Minnesota case before mentioned. The court, in summing up, said:

"Assessments of the kind we are now consider-
ing are made upon the principle that the person
assessed is benefited in the increased value of his
property, either rental or permanent, over and
above the benefits received by the public, in a
sum equal to the amount he is required to pay."

If there is any benefit at all accruing to the property of
the appellant in this case, no serious contention can be
made that the amount thereof is not at least equal to the
amount of the special assessment levied against the prop-
erty.

Proceeding further, the court discusses the contention
urged by the property owner that the sweeping of the
crossings is not such as to justify the levying of special
assessments to pay therefor, and states:

"It cannot be said that the property owners do
not receive a special benefit from keeping them
clean. Sweeping the street in front of the prop-
erty would be of little benefit if filth and rubbish
were permitted to accumulate upon the crossings,
so as to render them unfit for use. If the prop-
erty does in fact receive a special benefit from
sweeping the crossings, there is no reason why
those who are thus benefited should not pay the
expenses."

The following cases support the doctrine laid down in
the Minnesota case, supra: Sears v. Boston, 173 Mass.
71. 53 N. E. 138, 43 L. R. A. 834; Phillips Academy v.
Andover, 175 Mass. 118, 55 N. E. 841, 48 L. R. A. 550;
Stark v. Boston, 180 Mass. 293, 62 N. E. 375; Hodgdon
v. Haverhill, 193 Mass. 327, 79 N. E. 818; Reinken v.
Fuehring, 130 Ind. 382, 30 N. E. 414, 15 L. R. A. 624,
30 Am. St. Rep. 247.

The contrary rule was stated by the court in the case
of Kansas City v. O'Connor, 82 Mo. App. 655, as follows:

"That portion of the contract providing for
sprinkling the street was ultra vires. It was not
within the power of the city to lay a special tax
against the abutting property of the citizen for
the purpose of paying for sprinkling. A special

City of Roswell v. Bateman, 20 N. M. 77

tax against abutting property is based and sus-
tained on the idea that the work for which the
tax is laid is an improvement of the property,
and sprinkling to keep down the dust, while good
for the comfort of the inhabitants, is too intan-
gible to be denominated an improvement of the
property."

The following cases support the doctrine laid down by
the Missouri court: Owensboro v. Sweeney, 129 Ky. 607,
111 S. W. 364, 33 Ky. Law Rep. 823, 930, 18 L. R. A.
(N. S.) page 181; Chicago v. Blair, 148 Ill. 310, 36 N.
E. 829, 24 L. R. A. 412; New York L. Ins. Co. v. Prest
(C. C.) 71 Fed. 815; McCormack v. Henderson (Ky.)
111 S. W. 368; Stevens v. Port Huron, 149 Mich. 536,
113 N. W. 291, 12 Ann. Cas. 603; Kalamazoo v. Craw-
ford, 154 Mich. 58, 117 N. W. 572, 16 Ann. Cas. 110;
Pettit v. Duke, 10 Utah, 311, 37 Pac. 568; Corcoran v.
Cambridge, 199 Mass. 5, 85 N. E. 155, 18 L. R. A. (N.
S.) 187; City of Butte v. School District No. 1, 29 Mont.
336, 74 Pac. 869.

Some of these cases involve the construction of statu-
tory and constitutional provisions, not present in this case.
Here the Legislature has expressly granted the power, ex-
ercised by the city council of Roswell, in the passage of
the present ordinance. All cases last cited, however, sup-
port appellant's contention.

The question is a new one in this jurisdiction, and, as
the lawmaking power of the state has conferred express
authority upon cities to enact ordinances of this charac-
ter, it is clear that the courts should not interfere unless
the law is clearly invalid. The peculiar climatic condi-
tions of this state certainly require the sprinkling of the
streets to lay the dust. Property upon a street within a
district where the street is regularly sprinkled should be
enhanced in value. While it is true the entire popula-
tion of the city may be, to some extent, benefited by the
sprinkling of the streets within a given district, still the
residents within the district enjoy the greatest benefit. It
is somewhat like a paved street. Every one who uses the
street is benefited, but the direct benefit inures mostly to

First Nat'l Bk. of Raton v. Dennis, 20 N. M. 96

the property owners within the district. No one will deny but that the property owners can be made to bear the entire expense of paving the street within the improvement district. We believe the ordinance in question is not subject to attack on the ground that sprinkling the streets is not such an improvement as will support a special assessment.

Finding no error in the record, the judgment of the lower court will be affirmed, and it is so ordered.

HANNA and PARKER, JJ., concur.