WOODRING v. STRAUP et al., Town Board of Trustees.

No. 2659.    Decided October 1, 1914 (143 Pac. 592).

1.  MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—SPECIAL TAXES POWER TO LEVY. Laws 1911, c. 123, section 302x11, authorizes towns to levy taxes for general corporate purposes, but limits the amount of such tax to one and one-half per cent. Section 302x12 authorizes towns to lay out, construct, pave, and otherwise improve streets. And section 302x18 authorizes them to make ordinances and regulations not in conflict with the state laws to carry into effect the powers granted. *Held*, that these statutes do not expressly or impliedly authorize a town to levy a special tax to pay for the paving of a street, even though the amount which can be raised under the general tax is admittedly insufficient for that purpose.[1] (Page 175.)

2.  MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—SPECIAL TAX— CONSTRUCTION OF STATUTES. In determining whether the Legislature has granted to a municipal corporation the power to levy

[1] *Pettit* v. *Duke,* 10 Utah 311; 37 Pac. 568.

and collect special taxes, the statutes under which such power is claimed are to be strictly construed. (Page 177.)

3. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — SPECIAL TAXES—STATUTORY AUTHORITY. Comp. Laws 1907, section 279, as amended by Laws 1911, c. 122, which authorizes towns to levy special taxes for waterworks, lighting, sewers, and for the construction and paving of sidewalks, does not authorize the levying of such taxes for the paving of a street. (Page 179.)

FRICK, J., dissenting in part.

Original application by W. H. Woodring for a writ of prohibition against F. E. Straup and others, constituting the Town Board of Trustees of Bingham Canyon.

WRIT issued and made permanent.

*Hutchinson & Bucher* for plaintiff.

*E. A. Walton* and *M. E. Wilson* for defendants.

McCARTY, C. J.

This is an original application to this court for a writ prohibiting the board of trustees of the Town of Bingham Canyon from creating and levying a special tax to defray the cost of grading, curbing, paving, and otherwise improving a portion of Main Street in said town.

Defendants demurred to the petition on the ground that "no facts are shown by the said petition or writ sufficient to constitute a cause of action against these defendants or any of them."

It is admitted that the Town of Bingham Canyon is a municipal corporation incorporated under Comp. Laws 1907, section 299. It is also admitted that petitioner, W. H. Woodring, is the owner of certain land abutting on Main Street that will be subject to the special tax about to be created and levied. Under section 302x11, Sess. Laws 1911, taxes for general corporation purposes are limited to 1½ per cent. It is admitted that the revenue derived from taxes collected for general purposes is wholly insufficient to enable the town to pave the streets or any substantial portion thereof. The case is therefore narrowed to the single question of whether

incorporated towns are given the power to create, levy, and collect a special tax to defray the costs of paving or otherwise improving the streets.

It is vigorously contended on behalf of petitioner that the statute neither expressly nor impliedly gives incorporated towns any such power. Defendants, on the other hand, invite attention to section 302x12, c. 123, Sess. Laws 1911, which, among other things, provides that towns acting through their boards of trustees shall have power "to lay out, construct, open, grade, pave, and otherwise improve streets, lanes, alleys, sidewalks and crosswalks." They also invite attention to section 302x18 of the same chapter, which provides that the board of trustees shall have power "to make, ordain, pass, establish, and enforce such ordinances and regulations, not repugnant to the laws of this state, for the purpose of carrying into effect the provisions of this title, as it may deem proper; and to repeal, alter, or amend the same at pleasure." Counsel for defendants vigorously contend that, as section 302x12 in express terms gives incorporated towns the right to "pave and otherwise improve streets," etc., and section 302x18 grants the power to make and enforce such ordinances and regulations as may be necessary to carry into effect the several provisions of the same chapter, the power to levy and collect special taxes for street improvements, if not expressly given, is necessarily implied. It is further argued that the "paving of streets is not a general corporation purpose," and that therefore the provisions of the act in question do not contemplate that the cost of paving streets shall be paid out of the funds derived from taxes levied and collected for general corporation purposes, but that special taxes shall be levied and collected to defray the cost of such improvements.

The statute providing for the incorporation of towns was first enacted in 1884 (see Sess. Laws 1884, p. 42), and, as occasionally amended, has been carried forward in the several revisions and compilations of the General Statutes until the present time. The provisions of sections 302x11, 302x12, and 302x18 are, so far as material here, substan-

tially as they were when first enacted.  The paving of the
streets is one of the things that an incorporated town may do,
and hence is as clearly a corporation purpose as any other
act which a town is, under the statute, authorized to do.
There is, however, no provision of the act as originally passed
or as amended that empowers a town to levy and collect a
special tax to defray the cost of paving or otherwise im-
proving streets.  In 1888 (Laws 1888, c. 48) the Legislature
passed a general law providing for the incorporation of
cities, in which the powers of the city council are defined and
enumerated.  The act provides, among other things, that the
city council shall have power:

"3.  To levy and collect taxes for general and special
purposes on real and personal property.  *  *  *  8.  To
lay out, establish, open, alter, widen, extend, grade, pave,
or otherwise improve streets.  *  *  *  12.  To provide for
the lighting, sprinkling and cleaning of the same.  *  *  *
90.  To pass all ordinances and make all regulations  *  *  *
necessary for the carrying into effect or discharging all
powers and duties conferred by this act."

Section 1799, vol. 1 (Comp. Laws 1888), p. 644, provided
that:

"The city council are authorized and empowered to divide
the city into districts for sewerage, paving, or other like
purposes,  *  *  *  and  *  *  *  for making therein
street improvements and repairs  *  *  *  and for the pay-
ment of the costs and expenses thereof,  *  *  *  levy and
collect local taxes, in proportion to benefits, upon the prop-
erty within said districts," etc.

Salt Lake City, proceeding under the foregoing provisions
of the statutes, established sprinkling districts and levied a
special tax, or, as it is sometimes designated, a local assess-
ment, to defray the cost of sprinkling streets within the
districts. Parties owning property subject to the tax brought
suit to enjoin the city from collecting the same.  This court,
in a well-considered opinion (*Pettit* v. *Duke*, 10 Utah 311;
37 Pac. 568) held that the statute did not authorize or em-
power the city to collect a special tax to defray the expense
of sprinkling streets, and that the assessments made for that

purpose were illegal and void.   The court, among other
things, said:

"The Legislature has expressly conferred upon the city power 'to
levy and collect taxes for general or special purposes on real estate
and personal property' and 'for the lighting, sprinkling and cleans-
ing of streets.' 1 Comp. Laws, p. 621. It has also given the city power
to levy taxes by local assessment for 'sewerage, paving and other
like purposes,' including street improvements and repairs, water-
works, and gas mains. 1 Comp. Laws, art. 15, pp. 644, 645. But the
sprinkling of streets is not included in the enumeration of instances
in which local assessments may be levied."

The powers conferred upon cities to levy and collect taxes
for corporation purposes are much broader—more compre-
hensive—than those granted to incorporated towns along
that line.   In the case at bar the statute under which the
legality of the special tax in question is defended and sought
to be upheld does not authorize the levy and collection of
special taxes for any purpose except "to lay out, construct,
open and keep in repair canals, water ditches, or water pipes
for irrigation, domestic or other use for the inhabitants of
such towns (and) for the purpose of protecting the water
that is used for culinary and domestic uses from pollution."

The rule, as declared by the great weight of authority, is
that, in determining whether the Legislature has
granted to municipal corporations the power to levy      2
and collect special taxes, the statutes under which it is
claimed such power is conferred are strictly construed.   In
Suth. Stat. Const., Sec. 363, the author says:

"A due regard for individual rights and the plainest principles
of justice requires that taxing statutes shall have only the effect
which the Legislature clearly intended; in construing them all rea-
sonable doubts as to such intent should be resolved in favor of the
citizen."

And again, in the same section, it is said:

"A statute conferring authority to impose taxes must be construed
strictly.  A tax law cannot be extended by construction to things
not named or described as the subjects of taxation."

In 2 Dillon's Mun. Corp. (4th Ed.) section 763, the rule
is well illustrated in the following terse and concise lan-
guage:

Vol. 45—12

"It is a principle universally declared and admitted that municipal corporations can levy no taxes, general or special, upon the inhabitants or their property, unless the *power be plainly and unmistakably conferred.* It has, indeed, often been said that it must be specifically granted *in terms;* but all courts agree that the authority must be given either in express words or by necessary or unmistakable implication, and that it cannot be collected by doubtful inferences from other powers, or powers relating to other subjects, nor can it be deduced from any consideration of convenience or advantage." Hamilton's Law of Special Assessments, Sec. 195; 1 Page & Jones Taxation by Assessment, Sec. 229; 37 Cyc. 966; 25 A. & E. Ency. Law, 1171.

The argument advanced in support of the legality of the tax in question that the power expressly given by statute to incorporated towns to pave and to otherwise improve their streets confers the power to levy and collect special taxes to defray the cost of such improvements is untenable. The law is well settled that the power given to municipal corporations to make public improvements does not of itself confer the power to levy and collect special taxes to defray the cost of such improvements. In 1 Page & Jones Taxation by Assessments, section 231, it is said:

"A grant to a municipal corporation of power to construct a given form of public improvement does not of itself confer power to pay for such improvement by levying special assessments therefor. While a grant of power carries with it, without specific mention thereof, all powers incidental to the main power granted, and reasonably adapted to carry such power into effect, the power of special assessment cannot be regarded as incidental to the power of constructing public improvements, since such improvements may be constructed and paid for out of funds raised by general taxation. Thus a grant of power 'to grade, macadamize, and pave the sidewalks and to lay out, change, and open new streets,' does not confer the power of levying a local assessment for such improvements."

And again, in section 232, same volume, it is said:

"In the absence of some statutory provision expressly granting the power to levy local assessments to pay the cost of such improvements, it will be presumed to be the intention of the Legislature that the cost of such improvement is to be paid for by general taxation exclusively."

In Hamilton's Law of Special Assessments, section 191, the author says:

"Although a city charter authorizes the corporation to regulate and improve all streets, alleys, and sidewalks, no power is conferred to levy a special assessment, and in the absence of such power the expense of doing the work must be raised by general taxation." *Gassner* v. *McCarthy*, 160 Cal. 82; 116 Pac. 73; 28 Cyc. 1103.

Defendants also invite attention to Comp. Laws 1907, section 279, as amended by chapter 122, Sess. Laws 1911, which declares that:

"Special or local taxes may be levied  *  *  *  for the purpose of  *  *  *  maintaining waterworks, reservoirs, canals,  *  *  *  maintaining gas, electric, or other plants for illumination,  *  *  *  constructing, extending and repairing sewers and drains; and for constructing and paving of sidewalks."

Prior to the amendments made to this section in 1911 the powers therein conferred to levy and collect "special or local taxes" for the improvements therein enumerated, except the construction and paving of sidewalks, which was not included, was given to cities only. Towns were not included. In 1911 section 279 was amended, and the power to levy "special or local taxes" was extended to incorporated towns, and the "constructing and paving of sidewalks" was added to the list of public improvements therein enumerated that may be made under and in pursuance of that section of the statutes, and the cost thereof defrayed by special taxes levied for such purpose. It will be observed that the only street improvement mentioned in the statute, as amended, is the construction and paving of the sidewalks. It is a familiar rule of construction that, where a statute grants or confers a power or right, powers and rights not mentioned in the enumeration are intended to be excluded. We therefore find nothing in this section (279) that expressly or impliedly authorizes a municipality to levy and collect special or local taxes to defray the cost of paving streets. Under the statute defendants have the right to levy and collect special taxes to defray the cost of construct-

ing and paving sidewalks and other improvements therein mentioned, but have no power to levy and collect such taxes for paving streets. The question of raising revenue for constructing and paving sidewalks not being involved, the demurrer is overruled, and the writ of prohibition heretofore issued in the cause is continued in force.

STRAUP, J., concurs.

FRICK, J. (concurring specially).

From a consideration of all the provisions contained in the various enactments and amendments thereof relating to the improvement and paving of streets in the cities and towns of this state, I am persuaded that the Legislature intended to confer the power upon the authorities of such towns, as well as upon the authorities of cities, to improve and pave the streets and to defray the cost of paving them out of the proceeds to be derived from special assessments to be levied against the abutting property according to the benefits derived by such property. I must concede, however, that while the Legislature has expressly conferred the power to make special assessments for such purposes upon cities, it has not, in express terms, conferred the same upon towns. The question with respect to the exercise of that right by towns is therefore doubtful. All the authorities are to the effect that in case of doubt it must be resolved in favor of the property owner against the town or city. While, in view of all the provisions contained in our statutes, I do not agree with the Chief Justice in the application he makes of the rule of strict construction, yet, in view of the doubt aforesaid, I concur with him that the writ in this case should be made permanent.